THE PORT HURON & NORTHWESTERN RAILWAY CO. v. MICHAEL CALLANAN.

[SEE 61 MICH. 15, 22.]

*Railroad condemnation proceedings—Confirmation of report of commissioners, not a matter of right on regular record—Probate court has power to deny for substantial reasons not shown by record—Same right exists on appeal — Jury — Waiver of under Art. 6, Sec. 27, Const., relates to ordinary trial in civil cases—Right to, in condemnation proceedings, a substantial one—Ought not to be cut off by technicalities.*

1. The confirmation of a report of commissioners in railroad condemnation proceedings is not a matter of *strict right* upon a *regular* record, and if substantial reasons are shown against it by facts *not in* such record, the court in which the proceedings are had has power to do justice and refuse confirmation, and the same right exists on appeal.

2. The constitutional provision providing for waiving a jury unless demanded, relates to the *ordinary* trial by jury in *civil* actions: but there are special constitutional provisions requiring juries in condemnation cases to be composed of freeholders of the vicinage, and allowing the Legislature to provide for commissioners instead of such juries; and the demand for such a jury, provided for by the

Legislature on the hearing, is a substantial right, and ought not to be prevented by technicalities.

3. Under the circumstances of this case, as shown in the record, it was improper to refuse the demand of respondent for a jury.

Appeal from the Probate Court for the county of St. Clair. (Avery, J.) Argued April 8, 1886. Decided April 15, 1886. The facts are stated in the opinion.

*O'Brien J. Atkinson*, for petitioner.

*Chadwick & Cline*, for respondent.

CAMPBELL, C. J. Respondent appeals from the confirmation by the probate court of St. Clair county of the action of commissioners awarding damages for the appropriation by petitioner of land unlawfully entered on some time before the proceeding was begun, and so used as to destroy access to respondent's remaining land on one side, and otherwise injuring it. The property occupied was designed and laid out for a street, though not yet improved by the local authorities, and the road as built, instead of conforming, as the statute requires, to the general purposes of the street, occupies one side of it by embankments and excavations, in such a way as to practically destroy it, so far as respondent is concerned.

The respondent's counsel, desiring to have a jury, shows that, on appearing before the probate judge upon the return-day, he was informed that the judge had told the counsel for the opposite party that he would appoint commissioners, although none had been appointed, and that respondent could not then have a jury unless petitioner's counsel would agree to it.

Respondent's counsel appeared before the judge of probate at ten o'clock in the morning of the day of hearing, but counsel on the other side were not there, and the case was postponed until two o'clock. Before two o'clock respondent's counsel went to the judge's office, and found it locked. He then went to the circuit court, where he was engaged until four o'clock, and where the counsel who signed the

petition was engaged also. At four o'clock he went down to the probate court, where his application was refused.

Objection was also made that, after the report of the commissioners was made, it was for a time not in the probate office, but in the hands of opposing counsel. It is also objected that the commissioner's award was grossly inadequate, and does not indicate whether it includes past as well as future damages. Some other points are also raised.

We do not feel disposed to discuss the question how far any intentional unfairness on the part of anybody is involved. If the proceedings complained of are in most respects technically regular, which we shall not decide, we have no doubt that substantial wrong has been done. The confirmation of a report in these cases is not a matter of strict right upon a regular record. If substantial reasons are shown against it by facts not in the record itself, the court has power to do justice and refuse confirmation, and on appeal the same power exists.

The provision in the constitution[1] that a jury shall be deemed waived unless demanded, relates to the ordinary trial by jury in *civil* actions. There are special constitutional provisions which require juries in condemnation cases to be juries of freeholders of the vicinage, and which allow the Legislature to permit commissioners instead of jurors[2]. The Legislature in these cases allows a jury to be demanded on the hearing. It ought not to be prevented by any mere technicalities. It is a substantial right that should not be trifled with. The return in the present case does not very clearly show that there was any appointment of commissioners

[1] Const. Art. 6, Sec. 27.—"The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties, in such manner as shall be prescribed by law." (How. Stat. Sec. 6485, and Circuit Court Rule No. 61, prescribe the manner.)

[2] Const. Art. 18, Sec. 2.—"When private property is taken for the use or benefit of the public, the necessity for using such property, and the just compensation to be made therefor, except when to be made by the State, shall be ascertained by a jury of twelve freeholders, residing in the vicinity of such property, or by not less than three commissioners, appointed by a court of record, as shall be prescribed by law." (Not applicable to action of commissioners of highways, etc.) See *Kundinger v. City of Saginaw*, 59 Mich. 355.

actually made before the jury was demanded. It refers merely to the filing of the answer, and upon that the record is not satisfactory. But, without deciding what inferences should be drawn concerning facts imperfectly set out, we have no doubt that it was improper to refuse the jury under the circumstances.

We shall not, therefore, spend any time on the other points presented. It is difficult to account for such an award as was made, but the parties will have adequate means of laying their rights before a jury.

The proceedings must be set aside, and the case remanded for the summoning of a jury of twelve freeholders to determine upon the necessity, and appraise the damages. Appellant will recover costs of this appeal.

The other Justices concurred.