LUNDEN et al.,    Respondents,    v.    BROOKINGS & SIOUX
FALLS RAILWAY COMPANY, Appellant.

(·141 N. W. 93.)

1.    **Appeal—Harmless Error—Specifications in Complaint.**

Where defendant railway company, in an action for damages for overflow of land by reason of insufficient drainage by it through right of way grade, answered the complaint long before it moved to amend complaint so as to specify the alleged negligence, refusal to require the amendment was not prejudicial error, the evidence on both sides clearly showing the negligent acts.

2.    **Error—Record—Motion to Direct Verdict.**

It was not error to refuse to direct verdict for defendant where material exhibits, introduced by plaintiffs, are not in the appeal record, the evidence being conflicting, and the jury having viewed the premises in question after motion for verdict made, the motion not having been renewed after the view.

**3.  Directing Verdict—Presumption from Jury's View of Land.**

This Court, in passing on propriety of refusing to direct a verdict, must presume that the jury's view of land involved was of some value in determining issues of fact, especially as neither party objected to such view.

**4.  Assignment of Error—Brief Failing to Discuss—Abandonment.**

An assignment of error involving special findings was abandoned by failing to discuss it in appellant's brief.

**5.  Railroads—Effect of Right of Way Deed—Release of Damages.**

A right of way deed only releases a railway company from those damages following or reasonably expected to follow such proper construction and maintenance of railway as would affect rights of adjoining land-owners by interfering with natural flow of ordinary surface waters.

**6.  Appeal—Conflicting Abstracts—Record Examined.**

Where conflict between the abstract and an additional abstract exists this Court will examine original records.

**7.  Exceptions to Instructions.**

An exception to giving of "plaintiffs' request for instructions Nos. 1, 2, 3, 4 and 5," is insufficient.

**8.  Instructions—Negligent Construction of Roadbed.**

An instruction that if appellant railway constructed its roadbed according to usual and approved methods it would not be liable for injuries resulting from overflow of waters, and that failed to require jury to consider proven facts as to surrounding conditions and rights of adjacent land-owners, was properly refused.

**9.  Instructions—Defining Negligence.**

It is not reversible error to fail to define, in instructions, negligence, where those given clearly pointed out what would be negligence in this case, and placed burden on plaintiff to establish it.

(Opinion filed April 22, 1913.   Rehearing denied June 24, 1913)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by Anna B. Lunden and another against the Brookings & Sioux Falls Railway Company, for damages from negligent construction and maintenance of right of way and drainage ditches.   From a judgment for plaintiffs and an order denying a new trial, defendant appeals.   Affirmed.

*M. E. Culhane,* and *Olaf Eidem,* for Appellant.

The allegation of the complaint is more general than the complaint in the action of Merrall v. The Minneapolis & St. L. Ry. Co. 129 N. W. 468, recently decided by this court, and the court held in that case that under an objection to the introduction of any evidence the allegation of negligence was insufficient.

The defendant in this action 1st—Objected to the introduction of any evidence.   2nd.—A motion to compel plaintiff to make the complaint more specific and certain by amendment was made.

Under the provisions of Section 137 of the Code of Civil Procedure, it is the duty of the court, when the allegation of a pleading is so indefinite and uncertain, that the precise nature of the charge is not apparent, to require the pleading to be made more definite and certain, by amendment.

The contention will, no doubt, be made that this motion was not made in time, but there is nothing in the statute or in the rules of practice which prevents this motion from being made any time before the introduction of evidence.   And we contend that it was an abuse of discretion, if any exists, on the part of the lower court, to deny this motion.

The position of the defendant is that under the circumstances of this case, where the railroad grade had been constructed at the time of the conveyance and plaintiffs, with full notice and knowledge of such construction, conveyed the land by warranty deed, to the defendant for railroad purposes, that the defendant acquired by said deed the right to construct and maintain its railroad in the ordinary and usual manner, and that the compensation paid the plaintiffs covers all damages naturally arising and reasonably expected to follow from the maintenance of such road.   Hannaher et al. v. The St. Paul, M. & M. R. Co., 37 N. W. 717; Shahan v. Alabama Great Southern R. W. Co., 22 So. 449, 67 Am. St. Rep. 20; Blunck v. Chicago, etc., R. W. Co., 120 N. W. 737, 115 N. W. 1013; Missouri Pac. R. Co. v. Renfro, 34 Pac. 802, 39 Am. St. Rep. 344; Yazoo, etc., R. Co. v. Davis, 19 So. 487, 55 Am. St. Rep. 562, 32 L. R. A. 262; Kansas City P. & G. R. Co. v. Williams, 58 S. W. 570; Arkansas Valley, etc., R. Co. v. Witt, 13 L. R. A. (N. S.) 237 (Annotated).

Plaintiffs' requested instruction No. 2, which was given by the court, lays down law, according to the theory of the court, that

it was immaterial whether or not the railroad embankments and barrow pits were constructed in a sufficient and proper manner for railroad purposes, and in effect, that the rights of the defendant to make the necessary and proper improvements, should not be considered, and that it was the duty of the defendant to prevent the water from running into the natural water courses on the plaintiffs' land.

Although the word "negligently" is used in the plaintiffs' requested instructions, it is . ingeniously used in such a manner that the meaning would be the same if this word, was eliminated. The court further emphasises its view of the law in the instructions given on its motion in the following language: "If you find that the damages claimed by the plaintiff, if any, were the results of and were caused by unprecedented rainfall, and one that the defendant could not reasonably be required to anticipate, or that such damages would have resulted had there been no work of any kind done by the defendant in the construction of its grade and ditches, then the plaintiff cannot recover." It will be noted throughout all the instructions given any suggestion that the defendant had any right to construct embankments and barrow pits in a proper and necessary manner and for the use of its property for railroad purposes, was carefully avoided. On the other hand, from the instructions given, the jury was of necessity led to understand that if the railroad embankments and ditches had contributed in any degree to the water supply which flowed into the natural water course on the plaintiff's land, and caused the alleged destruction that the defendants were liable in damages, without regard as to whether or not the embankments and barrow pits had been properly constructed.

"The principle very generally accepted by the courts, that the owner of higher land may not concentrate at one point surface water diffused over the surface, and discharge it in a mass upon the lower land, does not apply to natural depressions or drain ways through which the surface water on the higher land drains onto the lower land. On the contrary, it is established by the great weight of authority that the flow of surface water along such depressions or drain ways may be hastened and incidentally increased by artificial means so long as the water is not diverted from its natural flow." Manteufel v. Wetzel, 19 L. R. A. (N. S.)

167 (Annotated), and notes and annotations in connection with said case; Jenkins v. Silmington & W. R. Co., 110 N. C. 438, 15 S. E. 193; Stanton v. Norfolk & Co. R. Co., 111 N. C. 278, 17 L. R. A. 838, 16 S. E. 181; Missouri K. & T. R. Co. v. Bishop, (Tex. Civ. App.) 34 S. W. 323; Section 11, Chapter 102, Session Laws 1909.

Consistent with its position maintained throughout the trial, the court refused to define negligence or approximate cause in the law of negligence, although an appropriate instruction was asked upon that subject. (Folio 502).

*Hall, Alexander & Purdy*, for Respondents.

It is elementary that a motion to direct a verdict is not subject to review on appeal, unless such motion was renewed at the close of all the evidence. It is submitted that the direction by the Court of the view of the premises, should be considered in the same light as evidence introduced upon the case, and that consequently appellant's motion was premature and should not be considered on this appeal.

An examination of respondents' requests for instructions numbered 1 to 5 inclusive and set out on pages 130 to 135 inclusive cover several distinct subjects and propositions and purport to state the law, as construed by respondents on practically all of the issues.

It is submitted that these exceptions are too indefinite to bring up for review before this Court the propriety of the rulings of the Court either in refusing the requests of appellant or giving the instructions requested by respondents. Kennedy v. Falde, (D. T.) 29 N. W. 667; Galloway v. McLean, 2 Dak. 372; Banbury v. Sherin, 55 N. W. 723; New England Furniture Co. v. Catholicon Co., 24 C. C. A. 595, being a case appealed from the District of South Dakota; South Dakota Central Ry. Co. v. Smith, 116 N. W. 1120 (S. D.); Palmer v. Hurst, 115 N. W. 516 (S. D.); Grant v. Powers Dry Goods Co., 121 N. W. 95 (S. D.) Lallier v. Pac. Elevator Co., 127 N. W. 558 (S. D.).

"Particulars constituting the negligence need not be alleged when the facts may be presumed to be more properly within the knowledge of the adverse party." 6 Ency. P. & P., 265, also 271 id.; 15 Ency. P. & P., p. 333.

The motion may be made at any time before the period of answering has expired, and, on the other hand, it cannot be made after demurrer, or answer, or upon the trial. Ency. P. & P. 278; Woodford v. Kelley, 101 N. W. 1069.

In such a case therefore, if the allegations omitted were supplied by the evidence, the defect in the complaint is said to be substantially cured. Anderson v. Alseth (S. D.) 64 N. W. 435; Johnson v. Burnside, (S. D.) 52 N. W. 1057; Sherwood v. City of Sioux Falls, (S. D.) 73 N. W. 913; Whitebeck v. Sees, (S. D.) 73 N. W. 915.

Respondents' charge is that the appellant constructed a long line of embankments and ditches terminating at or near the respondents' premises and that they performed this work carelessly and negligently in that they did not provide openings for natural waterways, and through this carelessness and negligence collected the watershed from a large territory and threw it upon respondent's land.

The rights of the respective parties under such circumstances, are fully set forth in the opinion of this court in the case of Quinn v. The Railway Co., 120 N. W. 884. It was there held to be negligence on the part of the railway corporation, to construct an embankment across a natural watercourse and thereby obstruct the natural flow of surface waters, without leaving an outlet for the same.

WHITING, P. J. This is an appeal from the judgment of the trial court and an order denying a new trial in an action, wherein plaintiffs recovered a verdict for damages which they claimed to have suffered through the negligence of the defendant corporation.

Respondents moved for the dismissal of this appeal for the reason that, after the judgment herein and prior to this appeal, there was appointed, in another action, a receiver for defendant corporation, and there was nothing showing that the receiver had authorized this appeal. Respondents have also moved that the purported transcript filed under the provisions of chapter 15, Laws 1911, be stricken from the records, and have interposed, in their brief, objections to the consideration of the merits of this appeal, alleging that the assignments of error are not properly before us; respondents contending that the original record was never properly

settled.   Inasmuch as satisfactory proof has been submitted to the court showing that the present appeal is authorized by the receiver; and inasmuch as the defects in the condition of the record herein, if such defects exist, undoubtedly arose in part from the uncertainty' existing regarding the proper procedure upon appeal, under the 1911 statute, and also arose in part from the fact that this case was tried a long time before the record was prepared, and that, at the time such record was prepared, the judge who tried the case had been succeeded by another; and especially inasmuch as our views upon the merits of this appeal make the consideration of these matters of practice unnecessary—we have felt justified in disregarding these motions and objections and treating the appeal as though the record was in proper condition and there had been sufficient assignments of error to present the alleged errors relied upon.

Plaintiffs were the owners of a farm situated a few miles south of the city of Brookings, S. D.   The defendant corporation purchased a right of way and built a grade for a railroad running south from said city of Brookings, which right of way passed along the east edge of plaintiff's quarter-section of land.   In establishing the grade the defendant dug a ditch along each side thereof.   Some miles north of plaintiffs' land there was quite a rise of land through which this right of way passed.   On each side of this rise, but particularly to the west thereof, were natural drains into which the waters from the surrounding territory were gathered and carried in a southerly direction; the natural drains converging at a point on the right of way of defendant at the south end of the south slope of the hill above referred to.   From this point to the south the land was comparatively level, and the natural drains, while running in a southerly direction, did not follow the line of the right of way of defendant, but varied therefrom both to the east and to the west, making it necessary, if the water was to follow in its natural course, that there be left several openings through said grade.   The natural drains would finally carry the water into a draw that leaves the right of way a short distance from the northeast corner of plaintiffs' land and crosses said land in a southwesterly direction.   Openings were left in the grade at different points where the natural drain crosses the right of way, but it was the contention of the plaintiffs—which conten-

tion was upheld by the verdict of the jury—that the openings so left were insufficient and were so constructed that the water, gathered into the natural drain, did not follow the same through its windings, and that damage resulted to the plaintiffs through the flowing over their land of a much greater volume of water than would have passed over same if it were not for the defendant's grade and ditches. Plaintiffs contended—and it must be assumed that the jury agreed with such contention—that the water, instead of following the windings of the natural drains (which they claimed would have caused the water to have spread out over several flat tracts and especially to have accumulated in one quite large natural basin, which spreading and accumulation, taken in connection with the retard of said water by growing grass, would have caused much of the water to have seeped into the ground or to have evaporated), was gathered into the ditch on the east side of defendant's grade and carried directly down said ditch to a point near plaintiffs' land where the same was carried through an opening in defendant's grade and from thence discharged directly over plaintiffs' land, thus resulting in the discharge of an excessive amount of water upon their land. Plaintiffs contended, and offered proof to show, that their crops were destroyed during the season of 1908; that during the season of 1909 part of their land was unsuitable for cultivation; and that, in order to restore their land to a condition fitted for cultivation, it was necessary for them to have, and that they had constructed across their farm, a large ditch to carry the water into the Sioux river. Defendant contended that, in establishing its grade, it constructed the same in a proper manner and in accordance with the approved methods for building railroad grades; that the ditches dug in connection therewith were necessary for the proper drainage of the right of way; that sufficient openings were left, wherever the natural drain crossed the right of way, so that water flowing in such natural drain was allowed to and did follow the natural water courses; and that the excess of water coming upon plaintiffs' land during the seasons of 1908 and 1909 was in no manner caused by any improper construction of defendant's grade or ditches, but came solely through unprecedented rainfalls during those two seasons. Defendant also contended that plaintiffs waived all rights to any

damages by having conveyed to defendant the right of way along their land after the grade and ditches had been constructed.

[1] Appellant has assigned as error the refusal of the court to require respondents to amend their complaint so as to specify wherein they claimed appellant to have been negligent in its construction of its grade and ditches. This amendment was sought upon the trial long after issue had been joined by the answer; but, if it had been sought prior to answer, we believe the court should have granted same. Inasmuch, however, as appellant found the complaint sufficient to permit of an answer, and inasmuch as the whole record shows that, upon the trial, the nature of the negligence complained of was clearly revealed and the issues of fact in relation thereto were fully covered by the evidence received on behalf of both parties, and it therefore appearing beyond question that appellant could not have been in any manner prejudiced by the trial court's refusal to require such amendment, this ruling of the court could not possibly constitute reversible error.

Appellant presents some 60 assignments of error in the trial court's rulings upon the admission and rejection of evidence. We have carefully read the record herein, and, while there were some rulings that may be subject to criticism, as is almost inevitable in any case taking, as this one did, over a week for its trial, we have been unable to find any ruling or rulings that could be held reversible error.

[2] Appellant has assigned as error the refusal of the court to direct a verdict in its favor, and also assigns the insufficiency of the evidence to sustain the verdict, and has specified numerous particulars wherein it claims the evidence insufficient to support respondents' cause of action. There has been submitted to this court, by the appellant, what purports to be a complete abstract of the record herein, and an additional abstract has been presented by respondents; we have treated these as containing the record upon this appeal. It appears therefrom that certain exhibits, received on behalf of respondents and which were very material to the issues of fact raised herein, are not reproduced in such printed record, and an examination of the original record on file in this court shows that such exhibits have not been made a part thereof. It also appears in this case that the court allowed the jury to make an inspection of respondents' land, appellant's right

of way, and in fact of the whole territory concerning which evidence had been received. The motion to direct a verdict was made prior to this inspection and was not renewed thereafter. The evidence found in the record herein is conflicting. There was no error in the refusal to direct a verdict, and, under the record herein, this court cannot say that the verdict of the jury was not supported by the evidence. There is evidence in the record supporting such verdict, and it is quite possible that the inspection had by the jury entirely destroyed the probative force of evidence that had been received on behalf of appellant.

[3] This court must presume that such inspection was of some value in assisting the jury to determine the issues of fact; and this presumption is strengthened by the fact that there appears to have been no objection interposed to such inspection by either party, thus showing that both sides recognized the value thereof to the jury in determining the issues of fact.

[4] The appellant requested the court to submit to the jury certain questions for special findings thereon. This request was refused, and appellant assigned such refusal as error, but has failed to discuss the same in its brief. The assignment will therefore, in accordance with numerous decisions of this court, be considered abandoned.

[5] Respondents deeded to appellant the right of way along their land, which deed was executed subsequent to the construction of the grade and ditches which respondents claim were negligently constructed. Appellant contends that by so deeding the respondents released any claim for damages caused by such grade and ditches. There is no merit whatsoever in this contention. This deed was given in fulfillment of the covenants of a contract for deed, which contract was dated prior to the construction of the grade and ditches; moreover, a deed of a right of way, unless it specifically waives damages growing out of negligent construction by grantee (which this deed did not do), conveys no right and releases no claim that would not have passed through condemnation proceedings. It follows that the only damages appellant was released from were those following or those reasonably expected to follow the proper construction and maintenance of such road. Hannaher v. Railway Co., 5 Dak. 1, 27 N. W. 717. But, by the phrase "proper construction and maintenance," it is not meant

that a railway company, in determining what is "proper construction and maintenance," need only consider what would be "proper construction and maintenance" from the standpoint of the railway company, but rather what would be a construction and maintenance such as would not interfere with the rights of the owners of land along its right of way. Thus construed, it forbids a railway company from so constructing or maintaining its roadbed as to interfere with the natural flow of the ordinary amount of surface waters to the injury of the adjacent landowners (Quinn v. Railway Co., 23 S. D. 126, 120 N. W. 884, 22 L. R. A. [N. S.] 789) ; but the company, if it so constructed and maintained its roadbed as not to interfere with the natural flow of the usual volume of surface waters, would not be liable for damages caused by its roadbed obstructing an unprecedented flow of such waters.

[6, 7] The only remaining assignments meriting our attention are those directed to the giving and refusing of certain instructions. Appellant submitted several instructions which were refused and appellant excepted to the order refusing same. Respondents contend that the exception taken was insufficient to present any error in the order refusing the instructions; with this contention we are unable to agree. The court gave certain certain instructions submitted by respondents, and the court also gave certain instructions of its own motion. In its abstract appellant states that in relation to giving of respondents' instructions that, "to the giving of each thereof, the defendant at the proper time specifically excepted, which exceptions were allowed by the court." And in its abstract appellant claims that it excepted to certain specified portions of the instructions which were given by the court of its own motion. In respondents' additional abstract it is claimed that no exception whatever was taken by appellant to the instructions given by the court of its own motion, and that the only exception taken to the instructions given at respondents' request was, "The defendant excepts to the court giving plaintiffs' request for instructions Nos. 1, 2, 3, 4, and 5." Owing to this conflict between the contents of the abstract and the contents of the additional abstract, we have, in accordance with the rule frequently announced by this court, examined the original record on file in this court Davis v. Davis, 24 S. D. 474, 124 N. W. 715. Such examination reveals the fact that respondents are correct in their claim. There

were no exceptions to the instructions given of the court's own motion, and the exception to the instructions given at respondents' request was clearly insufficient. Wood et al. v. Dodge, 23 S. D. 95, 120 N. W. 774; Comeau v. Hurley, 24 S. D. 275, 123 N. W. 715, and cases cited therein.

Did appellant ask for any instruction to which he was entitled, the substance of which was not in the instructions given? The instructions asked for related to the effect of the giving of the deed after the roadbed had been constructed, and to the rules governing what would be negligence on the part of a railroad company in constructing such roadbed. As to the effect of the deed, the court was asked to instruct that it must be presumed that the parties thereto contemplated that appellant was to acquire, not merely the right of way, but also the right to the enjoyment and use of the land as then improved, including the grade, ditches, and embankments in question. Such an instruction appellant was clearly not entitled to.

[8] There were several requested instructions touching the question of negligence in the construction and maintenance of the roadbed; but such instructions failed to properly advise the jury that, in determining the question of negligence in the construction and maintenance of such roadbed, the jury must consider the facts proven with reference to the surrounding conditions and the rights of adjacent landowners, the whole purport of such instructions being that, if the appellant constructed its roadbed according to the usual and approved methods for constructing same, it would not be liable, as in that case there could be no negligence.

[9] Appellant also complains because the court failed to give an instruction defining negligence. While the giving of this instruction might have been proper, yet the court's failure to give it could not be prejudicial and therefore reversible error, as the instructions given pointed out clearly what would be negligence in this particular case, and the jury were instructed that the burden was on the respondents to establish negligence on the part of appellant.

The judgment and order appealed from are affirmed.