CASES IN CHANCERY, 1919.          515

*90 N. J. Eq.*   Hoover Steel Ball Co. *v.* Schaefer Ball Bear. Co.

HOOVER STEEL BALL COMPANY, a corporation,

*v.*

SCHAEFER BALL BEARING COMPANY, a corporation.

[Decided May 29th, 1919.]

1. After decree in foreclosure of a mortgage interest runs, on the decree, as matter of damages for the detention of the debt at the legal rate.

2. Whether interest, after maturity of the debt secured by mortgage in the absence of express provision, runs as an incident of the contract, or as matter of damages, before judgment, query?

3. Interest as matter of damages is charged and allowed in accordance with principles of equity in order to accomplish justice in each particular case.

4. The rule is that interest on claims against an insolvent corporation whether allowable as matter of contract or of damages, but certainly where allowable only as matter of damages, ceases to run upon the property being taken in *custodio legis*, and this rule applies as well to preferred as to general claims.   The rule is subject to its exceptions and in each case the question is what is fair in right and justice.

5. The rule that where a creditor has a lien upon specific property by contract he is entitled to receive from the specific property the amount due him with interest, if provided for by the contract, is subject to its exceptions and the solution of the question may depend upon the nature of the events which prevented payment.

6. Mortgagees having a lien upon property of an insolvent corporation by decree in foreclosure, at the time of the appointment of a statutory receiver, which property was sold in the insolvency proceedings free of the lien, the lien attaching to the proceeds, the proceeds being more than sufficient to satisfy the amount of the decree with interest, were allowed interest to the date of the payment of the purchase price to the receiver, it not appearing that delay in disposing of the property was occasioned by litigation as to the validity or extent of the lien. After payment to receiver, the mortgagees are entitled only to such interest as may have been actually earned by the portion of the purchase price upon which the lien attached.

On bill, &c.

*Messrs. Bilder & Bilder,* for the receiver.

*Mr. Henry Smith,* for the mortgagees.

LANE, V. C.

The controversy is between mortgagees of real estate of the insolvent corporation and the receiver as to whether interest should be allowed on the claims of the mortgagees to the date of the adjudication of insolvency or to the date of payment to the mortgagees. At the time of the adjudication of insolvency and the appointment of the receiver mortgages upon its real estate had been foreclosed and sale had been advertised by the sheriff under a writ of *fieri facias* issued on a final decree. The receiver represented to the court, among other things, that there was a dispute as to the property, subject to the operation of the decree and *fieri facias.* Certain property was claimed by the receiver to be personal chattels, and by the mortgagees to be fixtures. The court thereupon stayed the sale under the *fieri facias* and directed the disposal of the property under the provisions of section 81 of the act concerning corporations. *2 Comp. Stat. p. 1649.* An amount more than sufficient to satisfy the decree in favor of the mortgagees with interest was raised from the sale of the property, but, as I understand the law, interest is allowed on a decree as matter of damages for the detention of the debt. There is no statute in this state that I am aware of specifically covering the subject. The practice is, on the foreclosure of a mortgage, to allow interest from the date of the decree at the legal rate to the date of payment. Interest runs not at the rate provided in the mortgage or bond but at the legal rate. *Wilson v. Marsh, 13 N. J. Eq. 289; Cox v. Marlatt, 36 N. J. Law 389; Deshler v. Holmes, 44 N. J. Eq. 581; Moore v. Durnan, 70 N. J. Eq. 1.* See, also, *1 Jones Mort.* (7th ed.) § 74; 27 Cyc. tit. *"Mortgages" 1657; Wilson v. Cobb, 31 N. J. Eq. 91; 19 R. C. L. tit. "Mortgages" 569 § 380.*

In England the early practice was, as is our practice now, to allow interest upon the full amount of the decree which itself might include interest. *Brown v. Barkham* (1720), *1 P. Wms. 653; 24 Eng. Reprint 555; Perkyns v. Baynton* (1784), *1 Bro.*

*C. C. 574; 28 Eng. Reprint 1305.* The later practice appears to be to allow interest only on so much of the decree as represents principal. *Whalton* v. *Cradock (1836), 1 Keen 267; 48 Eng. Reprint 309.* Whether the practice in England has been changed since the last case cited I do not know.

Whether interest after maturity of the debt secured by the mortgage, in the absence of express provision, runs as an incident of the contract or as matter of damages before judgment seems to be the subject of dispute. *1 Jones Mort. (7th ed.).* § *74; Brannon* v. *Hursell, 112 Mass. 63; Brewster* v. *Wakefield, 22 How. 118.* The point is not before me for decision.

Interest on the decree being allowed as matter of damages, the language of Vice-Chancellor Stevenson, in *Agnew* v. *Board of Education, 83 N. J. Eq. 49;* affirmed by the court of errors and appeals on the vice-chancellor's opinion (*83 N. J. Eq. 336*), is applicable. He said (at *p. 67*) : "It should be borne in mind that the whole tendency of courts of law and courts of equity for a considerable period of time, has been to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case." See, also, *Hills* v. *Aetna Life Insurance Co., 39 N. J. L. J. 132* (opinion by Circuit Judge Speer) ; *Le Branthwait* v. *Halsey, 9 N. J. Law 4; Backus* v. *Crane, 100 Atl. Rep. 900; 15 R. C. L. tit. "Interest" 34* § *31.*

The rule based on the authorities is that interest on claims against an insolvent corporation, whether allowable as matter of contract or as matter of damages, but certainly where allowable only as matter of damages, ceases to run upon the property being taken in *custodio legis,* and this rule applies as well to preferred as to general claims. The rule, however, is subject to its exceptions. In each case the question is what is fair in right and justice. *34 Cyc. tit. "Receivers" 372* § *4; Thomas* v. *Western Car Co., 149 U. S. 95; Chemical National Bank* v. *Armstrong, 65 Fed. Rep. 573; 28 L. R. A. 231; American Iron and Steel Manufacturing Co.* v. *Seaboard Air Line Co., 233 U. S. 261; Lippitt* v. *Thames Loan and Trust Co., 90 Atl. Rep. 369* (at *p. 377*) (*Ct.*) ; *In re Torchia, 185 Fed. Rep. 577,* and *In re Hershberger, 208 Fed. Rep. 94,* two district court decisions,

from Pennsylvania, were determined upon a peculiar statute of that state. In *Pennsylvania Steel Co.* v. *New York City Railway Co.* (*Circuit Court of Appeals, Second Circuit*), *216 Fed. Rep. 459,* and *Spring Coal Co.* v. *Keech* (*Circuit Court of Appeals, Fourth Circuit*), *239 Fed. Rep. 48,* the courts, while recognizing the general rule, found that the situations required, in order that equity should be done, that interest should be allowed as did the supreme court in *American Iron and Steel Co.* v. *Seaboard, supra.* It has been held that where a creditor has a lien upon specific property by contract, he is entitled to receive from this specific property the amount due him with interest if provided for by the contract. But this rule also is, I think, subject to its exceptions, and the solution of the question is any given case may depend upon the nature of the events which prevented payment. *34 Cyc. tit. "Receivers" 372 § 4; Brazelton* v. *Campbell* (*Texas*), *108 S. W. Rep. 770* (at *p. 773*), and see cases heretofore cited. In the instant case the mortgagees by their decree had a lien upon specific property, but they were entitled to interest, not by virtue of the contract, but by way of damages for the detention of the debt. If they had been permitted to pursue their remedy under the decree they would have been entitled to interest to the date of payment. I do not find that any subsequent delay in disposing of the property was occasioned by the fact that the receiver raised the contention that certain of the property sought to be sold under the *fieri facias* was not subject to the operation thereof. If such a delay had occurred I might have found that the mortgagees were entitled to interest only to the date of the appointment of the receiver, or to the date of his application to this court to stay the sale under the writ of *fieri facias.* After the property was, in fact, sold, the lien of the decree was, by the terms of the order for sale, transferred from the property to the fund created by the sale. But I do not think that fund can be considered as *in esse* (for the purposes of this case) until actually paid to the receiver. I think that when the fund was paid to the receiver the lien of the decree was transferred to that portion of the fund representing the amount due to the mortgagees on the decree with interest to the date of payment to the receiver. I think, in

this case, the equitable rights of the parties will be subserved if the mortgagees are allowed interest on their decree to the date of the payment of the purchase price of the property to the receiver, and that thereafter they are entitled only to such interest as may have been earned upon that portion of the fund to which they were equitably entitled. The delay in distributing this fund, if delay there was, is due to the operation of the law.