## Frank H. Carson et al., Appellees, v. Elizabeth Rebhan, Appellant.

Opinion filed March 9, 1938.

W. E. KNOWLES, of East St. Louis, for appellant.

P. C. OTWELL, GEORG F. KELLING, CHARLES P. HAMILL and P. K. JOHNSON, all of Belleville, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action was brought to foreclose a mortgage executed by Elizabeth Rebhan, defendant, to Frank H.

Carson as trustee to secure the payment of certain notes in the aggregate sum of $27,800, the unpaid portion of which amounted to $24,500, and which were held by divers persons who were made parties thereto. The mortgage was a first lien upon certain property, and second as to other realty involved in the case of *Schmisseur v. Rebhan* in which opinion is filed this day.

Mrs. Rebhan in her answer set up that the liability under the mortgage in question was determined in the case of *Belleville Bank & Trust Co. v. Rebhan,* a suit in which Carson and the several noteholders were joined as parties to the action, and that one of the notes in the sum of $15,000, held by the supreme council of the Western Catholic Union, was not a valid obligation nor the rightful property of such holder.

Mary J. Carr and certain other of the noteholders filed their cross-bill, alleging that the mortgage contained a provision for solicitor's fees upon filing a bill for foreclosure; that they were willing to join as complainants in the proceeding; that they were entitled to the same relief as complainants; that it was necessary for them to employ counsel to properly protect their interests; that they incurred liability for solicitor's fees and costs, and that they were entitled to have such fees and costs awarded to them.

The cause, after issues were joined upon the bill and cross-bill, was referred to the master in chancery who after hearing rendered his report, which same the court in its decree substantially followed and adopted by adjudging that complainants were entitled to foreclosure; that the rights of the noteholders had not been adjudicated in the *Belleville Bank* case; that the note of the supreme council of the Western Catholic Union was a valid and owing obligation; that one solicitor's fee should be allowed, same to be apportioned

between the solicitors for complainants and cross-complainants, and providing for sale in the usual way.

Mrs. Rebhan assigned as reasons why the decree should be reversed that her allegation as to *res adjudicata* should have been sustained; that the supreme council of the Western Catholic Union had no right of recovery on its note; that cross-complainants were not entitled to solicitor's fees, and that the interest was erroneously computed.

Upon the first two propositions the record in this cause is substantially the same as in *Schmisseur v. Rebhan,* and for the reasons stated in the opinion filed therein, the contention of the defendant cannot be upheld.

As to the allowance of solicitor's fees, it appears that proof was made as to what was a reasonable fee in the cause. The court made its allowance, the amount of which is not questioned, and apportioned it between the counsel for complainants and cross-complainants. It was a single fee, and under the authority of *Howard v. Burns,* 279 Ill. 256, 262, we think the action was warranted. However, even if it were improper, Mrs. Rebhan is in no position to question the action of the court in so doing. But one allowance was made and it can make no difference to her whether it was all paid to the solicitors for complainants or divided between them and those representing the cross-complainants. In either event she would have been obliged to pay the same amount.

A party cannot assign for error that which does not affect him, though it might be harmful to others who are not complaining; *Schwartz v. Ritter,* 186 Ill. 209; *Press v. Woodley,* 160 Ill. 433, 437; 4 Corpus Juris, p. 690, sec. 2589.

The decree provided that interest should be computed upon $32,262.50, the amount found due by the master's report filed on March 14, 1936, at the legal

rate of 5 per cent. This was error. Interest should have been computed upon the principal of $24,500, at 6 per cent, the rate which the obligation bore, to the date of decree January 28, 1937; *Guignon v. Union Trust Co.*, 156 Ill. 135; 42 Corpus Juris, p. 144, sec. 1740; and after such date at the legal rate on the full amount found due, it then becoming in effect a judgment; *Hoover Steel Ball Co. v. Schaefer Ball Bearing Co.*, 90 N. J. Eq. 515, 107 Atl. 425.

Interest as actually computed from date of master's report to entry of decree, at 5 per cent, was $1,613.12; if reckoned on the principal or face of the notes for the same period, at 6 per cent, it would have been $1,470. This made a difference in the amount which Mrs. Rebhan would be required to produce in order to redeem from the sale of foreclosure, or, if the premises did not sell for the amount found due by the decree, plus interest from its date, a deficiency judgment against her would be greater than it should be.

The decree is affirmed in all respects except as to the matter of computation of interest, in which regard it is reversed with directions to reckon interest on $24,500, the principal due on such notes, at 6 per cent, to the date of the entry of the decree.

*Affirmed in part, reversed in part, and remanded with directions.*