WEIDMEIER et al., Appellants v. EDELMAN et al., Respondents

(58 N. W.2d 306)

(File No. 9360. Opinion filed May 4, 1953)

**John H. Zimmer,** Marion, for Appellants.

**W. W. French** and **Louis French,** Yankton, for Respondents.

RUDOLPH, J.   Plaintiffs seek to enjoin defendants from interfering with the natural flow of a watercourse.   The trial court held defendants had not interfered with the flow and dismissed plaintiffs' complaint.   Plaintiffs have appealed.

The facts disclose that defendants own land to the north of plaintiffs' land.   On the north side of defendants' land there are two watercourses which eventually join while still on defendants' land, and then flow to the south.   This dispute concerns the flow of this watercourse.   Plaintiffs contend that the watercourse turns west while still on defendants' land and flows in that direction until it empties into a lake.   Plaintiffs further contend that defendants have interfered with the flow to the west with the result that water is diverted south across plaintiffs' land and to their damage.

Defendants contend that the natural flow of the watercourse is south across plaintiffs' land, and it is only in the event of highwater that there is a flow to the west.   They deny having interfered with the natural flow.

■ ■   A fact question only is presented.   Appellants contend that the findings of the trial court are against the clear preponderance of the evidence.   In the determination of the issue thus presented great weight, of course, must be accorded the findings of the trial judge who had the opportunity of seeing and hearing the witnesses.   It is the long established rule in this state that where the credibility of witness enters into the findings of the trial court such findings will not be disturbed unless the evidence clearly preponderates against them.   The trial judge with the consent of the parties also viewed the permises and while such view is not

evidence it enabled the judge more satisfactorily to weigh the evidence given in court. We must presume that this view was of some value in assisting the judge to determine the issues of fact. Lunden v. Brookings & Sioux Falls Railway Co., 31 S.D. 357, 141 N.W. 93, 95; Vick v. Moe, 24 S.D. 144, 49 N.W.2d 463, 465. The trial judge stated in his memorandum opinion:

> "I have gone over the evidence in this case and have viewed the premises and am of the opinion that the water, in passing down over plaintiff's land, passed in the regular watercourse and that while there is some evidence that the water, in high water times, flows both ways, I could not say that the water was diverted by the defendants from their land to that of the plaintiff."

It appears that the dispute concerning the flow of this watercourse is of long standing. As early as 1912 there was a dispute concerning the flow of the water, and at that time an earth and rock obstruction was placed in the watercourse or depression running south, and thereafter the water flowed in the watercourse to the west. In 1929 the tenant on the land now belonging to defendants, following a heavy rain, removed this obstruction in the south course to permit the water to flow therein. During the dry years commencing in 1930, the year after this obstruction was removed, there was not sufficient water flowing in this watercourse to cause concern to either party. Plaintiffs contend that in 1951 following several years of abundant rainfall, and because the west channel had been obstructed the water cut a deep course to the south and is now flowing entirely in that course and being deposited on planitiffs' land.

Plaintiffs' evidence is to the effect that in past years the natural flow was to the west, and that it was only in times of high water that there was any flow to the south. Plaintiff also produced evidence that there are rocks and other obstructions in the course to the west, placed there other than by nature, which have obstructed that course and diverted the water to the south.

Defendants' evidence is to the effect that in past years the natural flow of the water was to the south and that only

in times of high water was there a flow to the west. They contend that no rocks or obstructions have been placed in the course to the west other than by nature except for a driveway about 80 rods west of the fork in the course. It appears that this driveway has been in existence for many years, even before 1912.

Defendants called a qualified engineer as a witness who presented a map or plat of the entire watercourse both south and west, showing the elevations of the banks and on the bed of the watercourse. The plat shows the general slope of the territory surrounding the watercourse. This engineer expressed the opinion, based upon his survey, that the natural drainage was along the south watercourse rather than to the west. There was also introduced in evidence aerial photographs showing this watercourse, one taken in 1940 and the other in 1951. The 1940 photograph shows the south course as well as the one to the west. Plaintiffs contend that a comparison of the two photographs shows that the course to the south was the dominant course in 1951, while the dominant course in 1940 was to the west. There is some evidence in support of this contention but certainly these photographs do show that as early as 1940 there was a definite course to the south.

We do not believe a further review of the evidence would be helpful. There are many details in addition to the general statement of the evidence above set out, which tend to support the different contentions of the parties. As we view the evidence there is a direct conflict, 1st, on the question of whether the natural drainage is to the south or west, and 2nd, on the question of whether obstructions have been placed in the west course with the result of diverting the water to the south. Without question the water has cut a deep channel to the south in recent years but whether this is due to the removal of the obstruction in the south course in 1929 or other causes which might be suggested, it does not, in any event, prove beyond dispute that the west course has been artificially obstructed.

The trial judge who had the opportunity of observing the witnesses and viewing the premises has elected to ac-

cept the position of defendants which finds support in the evidence. We find no clear preponderance of the evidence against the findings.

The judgment appealed from is affirmed.
All the Judges concur.