THE VILLAGE OF ROBBINS, Plaintiff-Appellant, *v.* THE VILLAGE OF MIDLOTHIAN, Defendant-Appellee.

First District (5th Division)   No. 62630

Opinion filed August 27, 1976.

Stradford, Lafontant, Fisher & Malkin, of Chicago (Douglas Polsky, of counsel), for appellant.

John R. Sullivan, Village Attorney, of Midlothian, and Nolan, O'Malley and Dunne, of Chicago (John R. Sullivan, Robert J. Nolan, and Robert Emmett Nolan, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This is an appeal from an order in the circuit court which granted defendant's motion for a directed verdict at the close of plaintiff's evidence.

It is undisputed that long prior to this action plaintiff and defendant had entered into a contract whereunder plaintiff would furnish water to defendant from water purchased by plaintiff from the City of Chicago at a set price for 1,000 gallons delivered. Plaintiff alleges that defendant during the period from 1963 through 1969 received 1,387,695,000 gallons of water from plaintiff and only partially paid therefor. Defendant contends that it received only 185,021,000 gallons and paid therefor. The dispute between the two villages centers on the question of whether the meters through which the water delivered by plaintiff to defendant measured cubic feet or gallons. A cubic foot of water is the equivalent of 7.5 gallons.

On appeal plaintiff presents three issues: (a) whether evidence tended to support a *prima facie* cause of action against defendant; (b) whether certain evidence was improperly excluded; (c) whether material and prejudicial procedural errors surrounded the consideration of defendant's motion for a directed verdict.

OPINION

A careful review of the record clearly demonstrates to us that plaintiff was unable to adduce testimony with certainty that because the meter in question bore a legend "cubic feet" that the meters actually registered cubic feet rather than gallons. Even an expert witness for the plaintiff

admitted that a meter could be recalibrated to deliver gallons rather than cubic feet without changing the legend on the meter.

■■ Plaintiff contends that a verdict may be directed only where there is *no* [emphasis added] evidence tending to prove plaintiff's case. We disagree that this is the law today. On the contrary, it is now well settled in Illinois that:

> "[V]erdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.)

In the instant case we conclude that plaintiff's evidence is so vague and speculative that no verdict in favor of the plaintiff would stand without more substantial evidence that the contested meters measured cubic feet rather than gallons. Accordingly, we hold that the trial court did not err in granting defendant's motion for a directed verdict.

In view of the foregoing, we feel it unnecessary to consider the other issues presented for review heretofore enumerated but believe that in the interest of clarity the issues be at least briefly touched upon. The evidence that plaintiff contends was improperly excluded consisted of a letter from HUD[1] which, among other things, suggested that plaintiff attempt to collect the deficiency from defendant caused by the error in billing units. That letter, marked as Exhibit 1 for identification, had its foundation in a chart prepared by a HUD auditor. He testified that Exhibit 2 marked for identification was a mere compilation of the knowledge and work of others, obviously, the rankest kind of hearsay. We accordingly hold that the exhibits were properly excluded.

■■■ Lastly, plaintiff contends that the entry of a directed verdict, without having ruled on the admissibility of 20 of plaintiff's 24 exhibits is violative of due process. The trial court reserved rulings on these exhibits and plaintiff rested its case without renewing its offer of the exhibits. It is the duty of the party who seeks to have evidence admitted to obtain a ruling or a refusal to rule and when this is not done no question is before the court of review. *Mitchell v. Chicago, Burlington & Quincy Ry. Co.* (1914), 265 Ill. 300, 106 N.E. 833; *City of Salem v. Webster* (1901), 192 Ill. 369, 61 N.E. 323; *Karris v. Woodstock, Inc.* (1974), 19 Ill. App. 3d 1, 312 N.E.2d 426, *cert. denied,* 420 U.S. 929, 43 L. Ed. 2d 401, 95 S. Ct. 1130 (1975).

---

[1] HUD is an abbreviation for the Department of Housing and Urban Development, a Federal agency authorized to make loans to municipalities. Defendant in this case had made an application for a loan.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.