**AMERICAN FEDERAL SAVINGS & LOAN ASSOCIATION OF MADISON, Plaintiff and Appellee,**

v.

**Terry T. KASS and Julianne M. Kass, husband and wife, Defendants and Appellants,**

**and**

**Lammers, Lammers, Kleibacker & Casey, Defendants.**

**No. 13600.**

Supreme Court of South Dakota.

Argued April 29, 1982.

Decided June 16, 1982.

Jay M. Leibel of Ericsson, Spencer, Ericsson & Leibel, Madison, for plaintiff and appellee.

Wilson Kleibacker of Lammers, Lammers, Kleibacker & Casey, Madison, for defendants and appellants.

DUNN, Justice.

Terry and Julianne Kass (appellants) appeal from a judgment entered by the trial court which foreclosed a mortgage on certain real property near Madison, South Dakota, and awarded American Federal Savings & Loan Association of Madison (appellee) a deficiency judgment and attorney fees. We affirm in part, reverse in part and remand.

On June 15, 1978, appellants executed to appellee a promissory note for $55,000. As security for payment on this note, appellants also executed to appellee a mortgage on a parcel of real property located near Madison. The note provided for an annual interest rate of nine percent. Appellants defaulted on their loan payments in June of 1980. Appellee subsequently instituted this foreclosure action and additionally sought a deficiency judgment under SDCL 21–49–27. The parties stipulated to the foreclosure.

After receiving evidence from both of the parties and after personally viewing the property, the trial court determined the market value of the property to be $60,000. It also awarded a deficiency judgment to

appellee for the total amount of the excess mortgage over the sum of $60,000, attorney fees in the amount of $1,000, and interest at the annual rate of twelve percent on the whole of the judgment.

Appellants first contend that the trial court should have admitted into evidence the actual cost of constructing the three-year-old residence. The actual cost of construction was approximately $69,000. The trial court found this evidence inadmissible as irrelevant.

■ The holder of a mortgage, who is not willing to bid the full amount of the judgment debt, must establish at the time of trial the "fair and reasonable value of the mortgaged property . . . ." SDCL 21–49–27; *Todd v. Winkelman*, 320 N.W.2d 525 (S.D.1982); *Perpetual National Life Insurance Co. v. Brown*, 85 S.D. 330, 182 N.W.2d 216 (1970). This court has consistently held that " 'market value' is the highest price for which property considered at its best and most profitable use can be sold in the open market by a willing seller to a willing buyer, neither acting under compulsion and both exercising reasonable judgment." *Rapid City v. Baron*, 88 S.D. 693, 698, 227 N.W.2d 617, 620 (1975). *See also State Highway Com'n v. American Memorial Parks*, 82 S.D. 231, 144 N.W.2d 25 (1966); *City of Huron v. Jelgerhuis*, 77 S.D. 600, 97 N.W.2d 314 (1959).

■ When proving market value in condemnation cases, great latitude is allowed in the reception of evidence, and generally any relevant and material evidence, if competent under general rules of evidence, is admissible to prove market value. *State Highway Commission v. Hayes Estate*, 82 S.D. 27, 140 N.W.2d 680 (1966). If the proffered competent evidence tends to aid the trier of fact in arriving at a conclusion on the issue of market value, it should be received into evidence. *Id. See also* SDCL 19–12–1 and 19–12–2. Based on these principles, we hold that any relevant and material evidence, if competent under general rules of evidence, is admissible to prove market value in a foreclosure and deficiency judgment action.

Many courts have held that although original cost is not necessarily determinative of present market value, it is a relevant factor to be considered by the trial court so long as it is not so remote in time as to have no bearing upon the question of present value. *1.77 Acres of Land, In New Castle County v. State*, 260 A.2d 157 (Del.1969); *State v. Valley Development Company*, 256 Ind. 278, 268 N.E.2d 73 (1971); *Board of Education of Montgomery County v. Hughes*, 271 Md. 335, 317 A.2d 485 (1974); *Ramacorti v. Boston Redevelopment Authority*, 341 Mass. 377, 170 N.E.2d 323 (1960); *State ex rel. State Highway Commission v. Chavez*, 80 N.M. 394, 456 P.2d 868 (1969). *See also* 4 Nichols, Eminent Domain § 12. 313 (3d ed. 1962).

■ In *State Highway Commission v. Schiltz*, 90 S.D. 498, 242 N.W.2d 156 (1976), this court found the purchase price paid by the owner for a parcel of land admissible to help the trier of fact determine present value of property in a condemnation proceeding, if the sale was recent and a voluntary transaction. Here, the residence was constructed three years prior to trial. This would not make the original cost too remote in time to be inadmissible. Any decrease in the value of the residence which has occurred because of the depressed housing market goes to the weight of the evidence and not to its admissibility. *State Highway Commission v. Schiltz, supra.* We hold that appellants' proffered evidence was a relevant factor to be considered by the trier of fact in arriving at a conclusion on the issue of market value of the property.

■ We find, however, that the trial court's error in not admitting the evidence of construction cost was not prejudicial error. Prejudicial error is error which in all probability must have produced some effect upon the final result of the trial. *Larson v. Locken*, 262 N.W.2d 752 (S.D.1978); *State Highway Commission v. Beets*, 88 S.D. 536, 224 N.W.2d 567 (1974). In this case, appellants' witness, Del Nordstrom, estimated the fair market value of the property to be $68,000. He was the real estate agent who

had the property listed at $65,000 for several months without finding a buyer. He reached this conclusion after comparing the property in question with sales of other lake property and after considering the tax assessment valuation. The evidence of cost of construction would have been cumulative evidence only. We find, therefore, that appellants were not prejudiced by the trial court's failure to admit the evidence of cost of construction.

Appellants made two offers of proof at trial. The first showed that the cost of reproducing the residence today would be $69,000. The second indicated that the assessed valuation of the property when adjusted to market value was $70,250. The trial court reserved ruling on the two offers of proof and failed to finally determine whether they were admissible. Appellants did not request a direct ruling on the offers of proof until after the trial court had issued its memorandum opinion.

If the trial court fails to decide or rule on a motion, nothing is presented for review in the appellate court. Where a ruling on a motion or objection is reserved by the court, the moving party must subsequently obtain a direct ruling in order to preserve the matter for appellate review. *Harper v. Cedar Rapids Television Co., Inc.,* 244 N.W.2d 782 (Iowa 1976); *Winkel v. Hankins,* 585 S.W.2d 889 (Tex.Civ.App. 1979). *See also Bentz v. Cimarron Insurance Co.,* 79 S.D. 510, 114 N.W.2d 96 (1962). The burden of demanding a ruling rests upon the party desiring it. *Village of Ribbins v. Village of Midlothian,* 41 Ill.App.3d 899, 354 N.E.2d 529 (1976). "If a party permits the court to proceed to judgment without action upon his motion or objection, he will be held to have waived the right to have the motion or objection acted upon." *Harper v. Cedar Rapids Television Co., Inc.,* 244 N.W.2d at 786. *See also* 4 C.J.S. Appeal & Error § 321c (1957). We find that appellants failed to preserve this issue for appeal.

Appellants contend that the trial court's determination that the market value of the property was $60,000 was clearly erroneous. In reviewing this matter, we must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. The trial court's findings of fact shall not be set aside unless they are clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970). The findings in this case are further fortified by the trial court's view of the premises and the area involved in this litigation. "Although not evidence, a view does afford the trier of facts a means of more satisfactorily understanding and evaluating the record evidence and we must assume this view 'was of some value in assisting the judge to determine the issues of fact.' *Weidmeier v. Edelman,* 75 S.D. 29, 58 N.W.2d 306." *Doland v. Hudson,* 83 S.D. 144, 148, 156 N.W.2d 78, 80 (1968) rehearing 83 S.D. 331, 156 N.W.2d 78 (1968).

Appellee's witness, Curtis Price, testified that the market value of the property was between $50,000 and $55,000. Price has been an auctioneer for thirty years and stated that his opinion was based on a cash auction sale. Bill Burnham testified that he had appraised property since 1964. In his opinion, the property had a present market value of $55,000. Burnham acknowledged during cross-examination that at the time the residence was constructed, he had been a reviewing official on an appraisal that established an appraised value of $69,-880 for the property. He indicated that his $55,000 appraisal considered the depressed housing market, high interest rates, the construction and floor plan of the residence including defects, the appearance of the property and lack of lake access. In addition, the parties stipulated that appellants had listed the property for sale for eighteen months. During half of that time, the property was listed for $65,000. After reviewing this evidence, we find that the trial court was not clearly erroneous in determining that the fair market value of the property was $60,000.

Appellants contend that the trial court erred in awarding appellee interest at the rate of twelve percent on the full amount of the judgment from the date of trial. We agree. Generally, in a mortgage

foreclosure action, interest should be computed upon the principal at the rate the obligation bore to the date of entry of the judgment. After the date of judgment, interest should accrue at the statutory rate payable on all judgments on the full amount due, it then becoming in effect a judgment. *Carson v. Rebhan*, 294 Ill.App. 180, 13 N.E.2d 630 (1938); *Schmisseur v. Rebhan*, 294 Ill.App. 172, 13 N.E.2d 627 (1938); *Hoover Steel Ball Co. v. Schaefer Ball Bearing Co.*, 90 N.J.Eq. 515, 107 A. 425 (1919). *See also* 1 Glenn, Mortgages § 90 (1943). The South Dakota Legislature has provided that "[i]nterest is payable on all judgments and statutory liens, *exclusive of real estate mortgages* and security agreements under Title 57A, at the rate of twelve percent per annum from and after the date of judgment and date of filing lien." SDCL 54–3–5.1 (emphasis added). A real estate mortgage is extinguished after both the "foreclosure of [the] mortgage and the sale of the mortgaged property[.]" *Duke v. Utica State Bank*, 52 S.D. 33, 35, 216 N.W. 580, 581 (1927).

In the case before us, the trial court should have awarded appellee interest at the contract rate of nine percent on the full amount of the mortgage debt due until the date of sale of the mortgaged property. Since the foreclosure of the mortgage and the sale of the mortgaged property extinguished the real estate mortgage, the statutory rate of twelve percent interest then accrues only on that portion of the judgment representing the deficiency.

Lastly, appellants argue that the trial court erred by awarding appellee $1,000 in attorney fees. Appellee's counsel requested the court to award substantially higher attorney fees than the amount actu-ally awarded. The mortgage agreement itself provides that a decree of foreclosure shall include reasonable attorney fees. Even though the parties stipulated to the foreclosure itself, the record indicates a lengthy proceeding prior to trial. We hold that the attorney fees awarded were reasonable. *See* SDCL 21–49–13(2); SDCL 21–49–23; *First Fed. Sav. & Loan Ass'n, Etc. v. Kelly*, 312 N.W.2d 476 (S.D.1981).

We reverse and remand that portion of the judgment regarding the award of interest and affirm the remainder of the judgment.

MORGAN and HENDERSON, JJ., concur.

WOLLMAN, C. J., and FOSHEIM, J., concur specially.

WOLLMAN, Chief Justice (concurring specially).

I write separately only to express my concern over the fact that there were no specific rulings regarding the two offers of proof.

The rules of evidence governing offers of proof (SDCL 19–9–3 and 19–9–4) * are based upon Rule 103(a) and (b) of the Federal Rules of Evidence. Professors Wright and Graham are of the opinion that "Rule 103(b) [SDCL 19–9–4] seems to impose some responsibility on the court to see that rulings are adequately recorded, but here again it will usually be up to counsel to see that the ruling appears on the record." 21 C. Wright & K. Graham, Federal Practice and Procedure 164 (1977).

In discussing the role of the trial judge in making the record on offered evidence, Wright and Graham state:

---

\* SDCL 19–9–3 states:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

SDCL 19–9–4 states:

The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

Rule 103(a) defines the role of the offeror and objector in the admission and exclusion of evidence; Rule 103(b) completes the triangle by delimiting the role of the judge. Just as the objection and offer of proof give the litigants a mechanism for placing their respective contentions before the reviewing court, Rule 103(b) affords the trial judge a method of insuring that his ruling and the reasons for it are adequately reflected in the record. It is thus a procedural manifestation of the philosophy that the trial judge is more than a passive figure in the process of admission and exclusion.

21 C. Wright & K. Graham, supra, at 223.

Appellants' request for specific rulings on the offered evidence was filed before the judgment was filed but after the trial court had issued its memorandum opinion. Had the request been filed at the close of the evidence, the trial court would have been under a clear duty to indicate its rulings on the proffered evidence.

One can only sympathize with counsel's position. As Wright and Graham so aptly put it, "If counsel cannot get the trial judge to utter the magic words of admission or exclusion without heroic effort that might prejudice his case, he should at least try to make clear on the record that he has not abandoned his position." 21 C. Wright and K. Graham, supra, at 164 (footnote omitted).

I am authorized to state that Justice FOSHEIM joins in this special concurrence.