MAZZOLINI *v.* COUNTY OF KALAMAZOO.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—HIGHWAYS AND STREETS
—EVIDENCE—ADMISSIBILITY—APPEAL AND ERROR.

In an action against a county for the wrongful death of
plaintiff's decedent, alleged to have been caused by the
road's being out of repair, due to the negligent construc-
tion of a fill between two small hills, allowing plaintiff's
automobile to go down the bank and tip over, the admis-
sion of testimony by an engineer that, in his opinion,
the fill at the place of the accident was built in accordance
with the usual plans and custom employed in such work,
*held*, not reversible error, since said opinion did not
touch the real question at issue, viz., whether or not the
road was in a condition reasonably safe and fit for public
travel.

2. SAME—TRIAL—FAILURE TO CORRECT ERROR—EFFECT.

Where, during counsel's argument to the jury, objection
was made that he was in error in stating certain testi-
mony, and thereupon a juror spoke up and said he under-
stood the testimony in question to be as claimed by counsel
for appellee, and appellant made no effort to correct the
juror, if wrong, the incident may not be made the basis
for a motion for a new trial.

3. SAME—TRIAL—INSTRUCTIONS—WORDS AND PHRASES.

Complaint that the court was in error, in instructing the
jury, in using the terms "efficient cause, moving efficient
cause, and intervening cause," in their legal sense without
explaining the meaning thereof, *held*, without merit, in
the absence of a request on the subject, and in view of
the fact that they were not used in the abstract but in
sentences easy of comprehension.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR
JURY.

Whether deceased, in seizing hold of the steering wheel
of the car which was being driven by his wife, con-
tributed toward causing the accident, and also whether

the highway was reasonably safe and fit for public travel without a railing at the edge of the embankment, *held*, questions of fact which were properly submitted to the jury.

5. SAME—APPEAL AND ERROR—DAMAGES.

In view of the fact that the jury found no negligence on the part of defendant, and therefore never reached the question of damages, error of the trial court in admitting testimony that decedent's widow and minor children were receiving a pension from the county under the so-called "mothers' pension act," *held*, not reversible.

Error to Kalamazoo; Lamb (Fred S.), J., presiding.    Submitted June 6, 1924.    (Docket No. 24.) Decided July 24, 1924.

Case by Dominica Mazzolini, administratrix of the estate of Octavio Mazzolini, deceased, against the county of Kalamazoo for the alleged negligent killing of plaintiff's decedent.    Judgment for defendant. Plaintiff brings error.    Affirmed.

*Thomas J. Cavanaugh* and *Jackson, Fitzgerald & Dalm,* for appellant.

*Stephen H. Wattles,* Prosecuting Attorney, for appellee.

WIEST, J.    Shortly after 4 o'clock, the morning of March 20, 1922, Dominica Mazzolini was driving an automobile over a country highway in Kalamazoo county, taking her husband to his work in the city of Kalamazoo.    While driving along the road, over a fill between two small hills, the automobile went down the north bank of the fill, overturned upon and killed Mr. Mazzolini.    This suit was brought by the administratrix of the estate of Mr. Mazzolini, to recover from the county, under the death act (so-called) the pecuniary loss occasioned his wife and three minor children by his death.

Plaintiff claimed the road was out of repair and not in a condition reasonably fit and safe for public travel, in that the fill was of earth which had washed out leaving gullies from the wheel tracks to the edges of the fill; that the sides of the fill had no railings and the fill "was constructed of such material and in such a manner that the surface thereof was readily made irregular and cut by surface waters flowing thereon, causing gullies to be created in said highway and to exist therein at all times since the erection thereof."

The plaintiff's case was presented on the claim that water had washed gullies from the wheel tracks to the edge of the fill, the wheel of the automobile struck one of the gullies, turned the car from the roadway and lack of a railing let it go down the north bank of the fill. The defense claimed the wheel tracks showed the car left the road without coming into contact with any washout and that the accident was caused by Mr. Mazzolini seizing the steering wheel and giving it a sudden jerk. Upon verdict and judgment for defendant and denial of a motion for a new trial plaintiff reviews by writ of error.

At the trial the engineer of the board of county road commissioners was permitted to express an opinion that the fill, at the place of accident, was built in accordance with the usual plans and custom employed in such work, with reference to material, height and width. We do not attach much importance to this testimony. The question was not whether the fill, with reference to material, height and width, was in accordance with the prevailing custom in vogue in that vicinity, but whether it was out of repair and not in a condition reasonably safe and fit for public travel. The opinion of the witness did not touch the real question and, therefore, we cannot see that it occasioned any great harm, certainly not enough to call for reversal.

When counsel was making his argument to the jury an objection was made that he was in error in stating the testimony and thereupon a juror spoke up and said he understood the testimony in question to be as claimed by counsel for defendant.    This incident was made a ground for asking a new trial.    The juror was a trier of the facts, the evidence was all in, and if the juror was right no harm was done, and if he was wrong counsel could very readily have set him right by having the record on the subject read. Counsel would hardly hesitate to set a judge right if mistaken about testimony and we cannot understand why any greater delicacy should be felt in the case of a juror.    In any event the remedy was then available, if needed. and the incident, passed then, is by now.

It is claimed the court was in error, in instructing the jury, in using the terms "efficient cause, moving efficient cause and intervening cause" in their legal sense, without explaining the meaning thereof.    The terms were not employed in the abstract, but in sentences easy of comprehension and it would import but a mean degree of intelligence on the part of the jurors to say the meaning went over their heads.    In the absence of a request on the subject the point is without merit.

Whether the act of Mr. Mazzolini, in seizing hold of the steering wheel, contributed toward causing the accident was a question of fact for the jury and so left by the court, and this would be true, whether he seized the wheel before or after the car started to turn from the track.    Whether this highway was reasonably safe and fit for public travel without a railing at the edge of the embankment was also a question of fact for the jury, and so submitted by the court.

At the trial defendant was permitted to show that plaintiff and her minor children received a pension

of $6 a week from the county under the so-called "mothers' pension act." This was objected to but admitted, and a request made to instruct the jury that such pension had nothing whatever to do with the issues in the case. Such request was not given; neither was the subject touched in the charge. This was error and leaves only the question of whether it was reversible error. The verdict must be accepted as a finding that plaintiff did not establish the negligence alleged, or that plaintiff's decedent was guilty of contributory negligence barring a recovery. The jury never reached the subject of damages. The fact of a mother's pension could not have had any bearing upon the question settled by the verdict. We are not at liberty to impeach the verdict by mere speculative reasoning. Unless we can say the error had some part in forming the verdict we must hold it related only to a subject never reached by the jury and was, therefore, harmless error. If defendant was not guilty of negligence causing the accident, or if guilty of the negligence alleged, the contributory negligence of plaintiff's decedent prevented a recovery, it is fair to assume the jury paid no attention to the fact of a mother's pension. Error, to be reversible, must be prejudicial. It was error to admit evidence of a mother's pension, for, at that time, the question of damages was an issue, but all possible prejudicial error was eliminated when the jury found against plaintiff upon the initial issue of the liability of defendant.

An examination of the errors assigned discloses no reversible error, and the judgment is affirmed, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.