## ZYLSTRA *v.* GRAHAM.

1. Motor Vehicles—Death—Negligence—Directed Verdict.

In an action for the death of a six-year old boy who was struck by defendant's automobile as he attempted to cross the street near the middle of the block, where, at the time, the street was crowded with people who had been attending a school pageant nearby, automobiles were parked on both sides of the street, defendant admitted he was driving at the rate of 15 miles an hour without sounding his horn, and there was testimony that his speed was around 25 miles an hour, it cannot be said, as matter of law, that he was free from negligence.

2. Same—Contributory Negligence—Infants—Presumptions.

If a six-year old boy, who was struck by defendant's automobile as he attempted to cross a crowded street near the middle of the block, was old enough to justify the presumption that he gave the situation any consideration at all, it must be presumed, in the absence of testimony indicating otherwise, that he assumed any person operating a motor vehicle would regulate the speed and control of his machine as the surrounding circumstances reasonably required.

Question for jury as to contributory negligence of child in running in front of automobile, see 26 L. R. A. (N. S.) 435.

On admissibility of evidence of speed of automobile, see 34 L. R. A. (N. S.) 778.

3. SAME—DIRECTED VERDICT.

In view of the tender years of the boy, the trial judge was justified, under the facts of the case, in refusing to direct a verdict in favor of defendant on the ground that the boy was guilty of contributory negligence.

4. TRIAL—CONDUCT OF TRIAL JUDGE.

Defendant's objection to the conduct and attitude of the trial judge, *held*, without merit.

5. EVIDENCE—ADMISSION AGAINST INTEREST.

In an action for the death of a six-year old boy who was struck by defendant's automobile as he attempted to cross a crowded street near the middle of the block, a statement by defendant that he did not put on the brakes, but tried to avoid the boy by turning to the right, was admissible as an admission against interest, and therefore there was no error in receiving it, although it was offered for impeachment purposes.

6. TRIAL—EVIDENCE—REBUTTAL—ABUSE OF DISCRETION.

In an action for the death of a six-year old boy who was struck by defendant's automobile as he attempted to cross a crowded street near the middle of the block, there was no abuse of discretion in receiving, as part of plaintiff's rebuttal proof, a statement by defendant that he did not put on the brakes, but tried to avoid the boy by turning to the right.

7. EVIDENCE—OPINION AS TO RATE OF SPEED.

A witness who had driven an automobile for five years, and observed defendant's machine for a distance of 50 feet before it struck deceased, was competent to testify as to the rate of speed at which defendant's car was traveling, in his best judgment; the weight of his testimony being for the jury.

8. APPEAL AND ERROR—MOTOR VEHICLES—NEGLIGENCE—INSTRUCTIONS.

Even if a requested instruction that an automobile driver is not expected to exercise the same degree of care towards pedestrians in the middle of the block as at a street intersection where pedestrians ordinarily cross is an accurate statement of the law, there was no prejudicial error in its refusal, in view of the instructions of the court as to the driver's duty under the circumstances of the crowded condition of the highway, of which he had notice, and also as to the degree of care required of a pedestrian crossing the street near the middle of the block.

9. SAME—FAILURE TO INSTRUCT AS TO SPEED LIMIT NOT ERROR IN ABSENCE OF REQUEST THEREFOR.

Error may not be assigned on the court's failure to instruct the jury as to the automobile speed limit fixed by statute or by city ordinance, in the absence of request therefor.

10. SAME—FAILURE TO DEFINE "NEGLIGENCE" NOT ERROR IN ABSENCE OF REQUEST THEREFOR.

Defendant may not complain of the court's failure to define "negligence," where no request to do so was made.

11. SAME—PRESUMPTION THAT JURORS WERE NOT HINDERED IN DETERMINING CASE BECAUSE OF FAILURE TO DEFINE "NEGLIGENCE."

Since the term "negligence" has a commonly accepted meaning, it is presumed that jurors of ordinary intelligence were not hindered in making a just determination of the case because an accurate legal definition of the term was not embodied in the charge.

12. SAME—OBJECTION THAT CHARGE WAS ARGUMENTATIVE NOT SUSTAINED BY RECORD.

Defendant's objection that the charge of the court was argumentative and prejudicial, held, not sustained by the record, which shows that the various references to the argument of defendant's counsel and to defendant's testimony were prompted by proper motives.

13. MOTOR VEHICLES—NEGLIGENCE—WEIGHT OF EVIDENCE.

Verdict against an automobile driver in favor of plaintiff for the death of a six-year old boy, held, not against the weight of the evidence.

Error to Kent; Brown (William B.), J. Submitted June 5, 1928. (Docket No. 22, Calendar No. 33,635.) Decided October 1, 1928. Rehearing granted. Affirmed March 28, 1929 (246 Mich. 91).

Case by Z. Charles Zylstra, administrator of the estate of Robert Kuzee, deceased, against James E. Graham, for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dunham & Cholette,* for appellant.

*Rodgers & Dunn,* for appellee.

NORTH, J. This suit was brought under the survival act to recover damages incident to the death of Robert Kuzee, alleged to have been caused by the negligent operation of an automobile driven by the defendant. The plaintiff had a verdict and judgment for $2,000; and the defendant reviews by writ of error.

This accident occurred on Turner street, about 600 feet inside of the city limits of Grand Rapids. The defendant was returning from a trip to the country; and as he approached the point of accident he discovered that a large number of people who had been attending a school pageant held nearby were coming into and passing along the street. Many of them were school children. Some were going to their homes on foot and others were making their way to automobiles which were parked on either side of the street, occupying all the available space. The street was graveled, and the portion open for traffic between the rows of parked cars was from 24 to 30 feet in width. With full knowledge of the congested condition of the highway traffic, the defendant drove his Ford coupé along this street at a rate of speed which he fixes at 15 miles per hour. There is other testimony placing it at "around 25 miles an hour." Just at this time plaintiff's decedent attempted to cross from one side of the street to the other at a point near the middle of the block. When about half way across he was struck by the left front fender of defendant's machine and suffered injuries from which he died a few hours later. The negligence charged is that the defendant did not have his automobile under proper control; that

he was driving at an unlawful, unreasonable, and excessive rate of speed; and that he did not sound his horn or give any other signal of his approach. There is a rather unusual conflict in the testimony as to whether the boy was attempting to cross from the east to the west side of the street or in the opposite direction. All of the proof seems to indicate that he was running. The defendant claims that the deceased emerged suddenly from between two machines parked on the east side of the street, that he ran towards the opposite side, and that he was not to exceed 20 feet from the defendant when first seen by him; that the latter applied his brakes, turned his automobile towards the west side of the street; that he did not have time to sound his horn, and was unable to avoid striking deceased. The testimony varies as to the distance within which the defendant stopped his machine after striking the boy, it being somewhere from 18 to 39 feet. The alleged negligence is denied by the defendant, and it is claimed in his behalf that the accident was caused by the contributory negligence of plaintiff's decedent.

There are 35 assignments of error, but in appellant's brief these have been grouped and discussed under the following headings:

(1) Error in refusal to direct a verdict for the defendant.

(2) Error in the conduct and attitude of the trial court.

(3) Error in the admission or rejection of testimony.

(4) Error in refusal to give the defendant's requests to charge.

(5) Error in the charge of the court as given.

(6) Error in that the verdict was contrary to the clear weight of evidence.

1. The defendant claimed the right to a directed verdict both on the ground that there was no proof of negligence and that the proof established the contributory negligence of the deceased. It seems unnecessary to enlarge upon the statement of facts hereinbefore set forth as to the condition and use of the highway at the time and place of the accident, or to call attention again to the crowded condition of the thoroughfare as to both vehicles and people. It is quite evident that the trial court could not have held as a matter of law that it was not negligence on the part of the defendant to drive down this narrow roadway between the parked automobiles at a rate of 15 miles per hour, without giving any warning whatsoever of his approach within 200 feet from the place of accident. The presence of the people and the vehicles in large numbers upon the street was known to the defendant; and, as above indicated, there is testimony that his rate of speed was "around 25 miles an hour." The defendant explained his failure to give a signal of his approach by testifying that he was going at a rate of from 21 to 22 feet per second; and he further stated that after he saw the boy starting to run across the street the defendant's machine went substantially 45 feet before he was able to bring it to a full stop. Clearly his negligence was a question of fact for the jury.

The deceased was 6 years and 3 days old on the date of the accident. The court submitted the question of his contributory negligence to the jury as a question of fact. The deceased did not regain consciousness after the accident, and the record is barren of satisfactory proof as to whether he looked for an approaching vehicle before crossing the street or as to whether he saw the defendant's automobile. If this boy was old enough to justify the presumption

that he gave the situation any consideration at all, it must be presumed, in the absence of testimony indicating otherwise, that he assumed any person operating a motor vehicle would regulate the speed and control of his machine as the surrounding circumstances reasonably required. The boy had attended public school for a year, and during that period from time to time he had been cautioned by his mother as to the danger of being injured by automobiles when he was crossing the streets on his way to and from school.

"Although, under the general rule, children under the age of seven years are presumed to be incapable of contributory negligence, due to assumed lack of experience, discretion and capacity to recognize and understand danger, age alone is not the conclusive test, but experience and capacity are also to be considered." (Syllabus) *Thornton* v. *Ionia Free Fair Ass'n,* 229 Mich. 1.

In view of the tender years of this boy, the trial judge was wholly justified, under the facts of this case, in refusing to direct a verdict in favor of the defendant on the ground that the deceased was guilty of contributory negligence.

2. Conduct and attitude of circuit judge. We have given careful consideration to the objections made to the attitude and remarks of the circuit judge as disclosed by the record, and find that the appellee has decidedly more reason to complain in this particular than has the appellant. Some of the remarks of the trial court now assigned as error by the appellant were such as caused the appellee to take exception thereto, but the appellant made no objection and did not appear to have considered himself prejudiced at the time, nor do we think he was. We do not find that the record presents such irregularities of this

character as justify the appellant in now claiming there was prejudicial error.

3. Error in admission or rejection of evidence. Under this subdivision of appellant's brief, complaint is made because the plaintiff was allowed to produce some proof in rebuttal which might have been presented as a part of the plaintiff's direct case. Mrs. Kuzee, the mother of deceased, was permitted to testify in rebuttal that the defendant told her he did not "put on the brakes" but "tried to avoid the boy by turning to the right." Plaintiff's counsel stated this proof was offered for impeachment purposes. Clearly it was an admission by the defendant against interest; and receiving this testimony was not error. *Cady* v. *Doxtator,* 193 Mich. 170 (14 A. L. R. 10). Nor was there an abuse of discretion in receiving it as a part of plaintiff's rebuttal proof. *In re Bradley's Estate,* 223 Mich. 312.

It is also asserted by the appellant that there was error in permitting the witness Sargent to testify as to the rate at which the defendant was driving his automobile as he approached the point of accident. This witness testified he had driven an automobile for five years, that he observed the defendant's machine for a distance of 50 feet before it struck the deceased, and in so doing he was "able to form a fair and intelligent judgment as to the speed at which it was traveling," saying: "My best judgment of his speed was around 25 miles an hour." The weight of this testimony was for the jury. The court's ruling in receiving it was correct. Other assignments of error of like character contained in the record have been duly considered, but we find them to be without merit.

4 and 5. Error in refusing requests to charge and in charge as given. The defendant requested the following:

"I instruct you further that a person operating an automobile upon a public street is not expected to exercise the same degree of care towards pedestrians in the middle of the block as he would be expected to exercise at a street intersection where pedestrians ordinarily cross."

Assuming, but not deciding, this request is an accurate statement of law, the question presented is whether refusal to give it has resulted in prejudicial error. The accident happened near the middle of a block in a crowded thoroughfare. But the defendant knew of this condition, and his duty as to the manner of operating his machine was controlled by this rather than by the fact that the deceased was not at a regular place of crossing the street. The jury was instructed as to the duty of a driver of an automobile to have it under such a degree of control as the surrounding circumstances reasonably require; the instructions also covered the degree of care required of plaintiff's decedent, and further contained the following:

"It is the duty of a person operating a motor vehicle upon a public highway to drive his automobile at a speed which is reasonable and proper having regard to the traffic and use of the highway and so as not to endanger the life or limb of any person upon such highway. * * *

"If the defendant was negligent and that negligence contributed to the injury, but if the accident was caused through some contributory negligence on the part of the plaintiff as well, then, of course, the plaintiff cannot recover. If the defendant was not guilty of any negligence which was the cause of the accident, but if the accident was solely caused

by some act not attributable to the defendant, then the plaintiff cannot recover. A person driving upon a highway has a right to assume that others using the highway will obey the law. If the deceased, Robert Kuzee, ran out from the side of the road and his conduct was such as would not be expected by a reasonably prudent man in the exercise of due care, and the accident was due solely to this sudden, unexpected act, the act of Robert Kuzee dashing into the street so close to the defendant's automobile that he had no time or opportunity to avoid the accident or to avoid hitting him, then the defendant would not be liable. * * * One who is confronted with an emergency is not expected to use and exercise the same degree of care that a person would exercise when he has more time to deliberate and when there is no emergency present, but he is bound to use that ordinary care that a person would exercise or that an ordinarily careful and prudent person would exercise under like circumstances. A person operating an automobile is not expected to operate it in such a way as would appear proper after knowing all the facts and having an opportunity to consider and deliberate upon them, but is expected to operate an automobile only in such a manner as the reasonably prudent man would operate the same under the same circumstances and conditions existing at the time. An accident to the child does not raise the presumption of negligence on the part of a driver of an automobile. If you should find that Robert Kuzee, plaintiff's intestate, was guilty of contributory negligence, that is, negligence for which he is responsible contributed to this accident, no matter how slight, then your verdict should be no cause of action."

We think the charge as given sufficiently informed the jury as to the duties and responsibilities of the respective parties, notwithstanding the requested charge was not given. The jury was not instructed

as to the speed limit fixed by the statute of Michigan or by the ordinance of the city of Grand Rapids. The defendant did not ask the court to charge as to the statutory rate of speed nor that fixed by the city ordinance, and therefore he is not in position to assign error on the court's failure so to do. *Little v. Williams,* 107 Mich. 652. Other requests preferred. by the defendant were sufficiently covered by the charge as given.

Among the complaints aimed at the charge of the court is that the circuit judge failed to define the term "negligence." There was no request, by the defendant for such an instruction, and he cannot now be heard to complain. *Mazzolini* v. *County of Kalamazoo,* 228 Mich. 59. The term "negligence" has a commonly accepted meaning, and it is to be presumed that jurors of ordinary intelligence were not hindered in making a just determination of the case because an accurate legal definition of the term was not embodied in the charge. The claim is made that certain portions of the charge as given were argumentative and highly prejudicial to the defendant. In some instances this claim grows out of the fact that the court referred in the charge to the argument of defendant's counsel and to testimony given by the defendant. After a careful reading of the charge with this complaint in mind, we are of the opinion that the various references by the trial judge were prompted by proper motives and in an attempt to illustrate the thought he was seeking to convey to the jury or in applying his statement of the law to some specific phase of the record. He distinctly instructed the jurors that they were the judges of the facts by saying to them:

"I express no opinion in regard to any fact in the case. The issues of fact are for you to decide,

taking the law as the court gives it to you and determine the questions of fact from the evidence and render your verdict accordingly."

As pointed out in appellant's brief, some isolated statements of law may be subject to an interpretation which would render them inaccurate; but as a whole we think the charge contains such a statement of the law as enabled the jury to properly and intelligently apply it to the facts in this case. We do not find that the verdict as rendered was contrary to the weight of the evidence or that prejudicial error was committed in the trial of the case.

The judgment is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.