STEHOUWER *v.* LEWIS.

1. APPEAL AND ERROR—WITNESSES—COURT'S INTERROGATION OF WITNESS.

Where, in action for death of boy struck by automobile, 17-year old girl, testifying as to boy's condition immediately after accident, stated that she did not see any of the brain until after putting a cloth across the wound, court's question ''You are not a physician?'' and her answer ''Not much,'' *held,* not prejudicial error, as placing her in ridiculous light before jury, in view of fact that she continued to give intelligent answers to further questions, so that jury must have been well impressed with her testimony.

2. EVIDENCE—OPINION AS TO RATE OF SPEED ADMISSIBLE WHERE PROPER FOUNDATION LAID.

Witness need not qualify as expert in order to testify to matters one learns through ordinary observation, such as rate of speed at which vehicle is going, provided witness is fully interrogated as to knowledge upon which judgment is based, so that jury can determine what weight should be given his statements.

3. MOTOR VEHICLES—EVIDENCE—INSURANCE.

Where, in action for death of boy struck by automobile, plain-
tiff's counsel injected question of insurance by asking jurors,
on *voir dire,* whether they were interested in insurance com-
panies, defendant had right in good faith to show that he
carried no insurance.

4. APPEAL AND ERROR—MOTOR VEHICLES—INSURANCE—GOOD FAITH.

When question of insurance is not brought into case for pur-
pose of influencing jury thereby, there is no reversible error;
question depending on good faith of counsel.

5. MOTOR VEHICLES—TRIAL—INSTRUCTION—CONTRIBUTORY NEGLI-
GENCE OF BOY.

In action for death of ten-year old boy struck by automobile,
instruction that, in determining what care boy should have
used, jury should keep in mind his age, judging him by that
standard rather than by standard of full age of man or woman
of mature years, and that, if he failed to make use of his
senses, hearing, and eyesight in going out into street on
scooter, he was guilty of contributory negligence, *held,* not
erroneous.

6. SAME—CONTRIBUTORY NEGLIGENCE OF MINOR—QUESTION FOR JURY.

If person drives automobile along city street, and boy ten years
of age suddenly and unexpectedly rushes out so that he is
hit by automobile, question as to whether he has age, maturity,
or capability and intelligence to know character of traffic in
streets and danger from automobiles is properly submitted
to jury.

7. TRIAL—INSTRUCTION—CHARGE CONSIDERED AS WHOLE.

In determining whether there was error in statement in charge,
charge must be taken as whole.

Error to St. Joseph; Johnson (Clayton C.), J.
Submitted June 5, 1929. (Docket No. 40, Calendar
No. 34,390.) Decided December 4, 1929.

Case by Cornelius Stehouwer, administrator of
the estate of Teunis Stehouwer, deceased, against
Max Lewis and another, for the negligent killing of
plaintiff's decedent. Judgment for defendants.
Plaintiff brings error. Affirmed.

*J. Paul Wait,* for plaintiff.

*Kim Sigler,* for defendants.

Butzel, J.    Cornelius Stehouwer, as administrator of the estate of Teunis Stehouwer, deceased, brought this suit under the survival act (3 Comp. Laws 1915, § 12383), against Mary Lewis, of Sturgis, Michigan.   Defendant Max Lewis, her husband, was the owner of a car which she was driving with his knowledge and consent.   Under the law he would be, therefore, jointly liable with his wife in the event that she should be liable for negligence in causing the death of plaintiff's intestate.

Teunis was a lad of ten years of age.   About 4:30 on the afternoon of the 7th day of June, 1928, he was playing on the north side of Congress street in the city of Sturgis, Michigan.   The street at the point where the accident took place is paved with asphalt with a two-foot cement gutter along the side, and abuts a grass terrace.   There is no sidewalk on the north side of the street.   The block in which the accident took place adjoins the city limits.

Teunis and another lad were each playing with a "scooter," a mechanical toy device consisting of a board supported on a front and rear wheel, with a rod attached leading from the front wheel to a steering bar or wheel.   It is propelled by partially bearing the boy's weight thereon, he standing with one foot on the board and using the other foot to induce motion by periodically touching the ground or pavement and thereby impelling the scooter.

There is much conflict, as well as lack, of testimony as to what actually took place.   The boy was normal in every way.   It was the claim of plaintiff that defendant Mary Lewis was driving the car at an unlawful, unreasonable, and excessive rate of speed, and that she did not blow the horn or give any

other warning, although she had ample opportunity to see the boy; that she did not drive in a straight direction, but turned to the side of the road so that the car ran into the boy, throwing him into the air, so that he struck the side of the car. He suffered a fracture of his skull and died at the hospital 15 hours later.

Plaintiff produced a number of witnesses who supported these claims. Defendant, on the other hand, also produced a number of witnesses to show that she was driving carefully and slowly; that the boy was fixing his scooter in the gutter and suddenly and unexpectedly ran with his scooter into the side of the car with such force that the handle of the door was knocked off; that there was no negligence on her part. She produced witnesses, including the chief of police of Sturgis and a corporal of the State police, who examined the car immediately after the accident and who testified that there was no scratch of any kind on the front of the car. The car was produced at the trial. There was a scratch on the right bumper. The chief of police and the corporal of the State police, among others, swore that they had not seen the scratch immediately after the accident, although they examined the car very carefully. It was the claim of defendant that it could be seen that the scratch was a fresh one that had been made in some manner just prior to the trial of the case, approximately six months after the accident. The jury was able to examine the scratch on the bumper, as well as the broken handle and a mark on the side of the car, and a dent on the right rear fender.

The judge's charge to the jury was so long that it could easily lead into difficulties. No error is claimed on account of its length. The charge takes up 23 pages of the printed record, consisting of 194 pages. The jury brought in a verdict of no cause of action.

Plaintiff has appealed, and sets forth a number of assignments of error, many of which are inconsequential and almost frivolous, so that we need not pay any attention to them. Some are similar to those herein discussed by us. They could in no way have affected the jury's verdict. The assignments of error that may be of importance we shall discuss *seriatim.*

(a) Error is claimed in that, when plaintiff's witness, Jeanette Trobridge, a 17-year old girl, testified as to the boy's condition immediately after the accident, and stated: "I did not see any of the brain until after we had put a cloth across the wound," the court asked the question, "You are not a physician?" Witness' reply was: "Not much." No objection was made at the trial to the question and answer. Plaintiff claims that the question had a tendency to place the witness in a ridiculous light before the jury. What is blood and what is brain matter oozing through matted hair from a wound, as witness was testifying to, is more readily ascertainable by a physician than by a layman. Witness continued to give such intelligent answers to further questions that were put to her in regard to the same subject, that the jury must have been well impressed with her testimony. We do not believe there was any prejudicial error.

(b) Error is claimed in that defendant's witness, Maude Lee Burg, was permitted to testify as to the rate of speed defendant's car was going at the time of the accident, because she was not an expert, and further, because she testified as to the rate it was going when it passed in front of her house, about 200 feet from the place of the accident. Witness never had driven an automobile, but had ridden in one very often ever since machines had

been used. She stated that she frequently watched the speedometers, but admitted her inability to tell the exact mileage. She also described the distance the car was from the place of the accident when she saw it pass her home. She stated, however, that she could tell whether a car was driven slowly or fast, and that she could only estimate the speed. This court has frequently held that a witness need not qualify as an expert in order to testify to matters one learns through ordinary observation, such as the rate of speed at which a vehicle is going, provided a witness is fully interrogated as to the knowledge upon which his judgment is based, so that a jury can determine what weight should be given to his statements. *Luttenton* v. *Railway Co.*, 209 Mich. 20, 28; *Jones* v. *Taxicab & Transfer Co.*, 218 Mich. 673, 675.

(c) Defendant Max Lewis was asked by his counsel whether he carried any insurance on his car. Exception was taken to this question. Upon attention being called to the fact that on the *voir dire,* members of the jury were asked by plaintiff's counsel whether they were interested in insurance companies, the court permitted the question to be asked. The defendant answered, ''No.'' The bringing up of the question of insurance in a negligence case is a dangerous practice and can easily lead to error. A jury too frequently is apt to increase the amount of damages or be otherwise influenced. Its verdict might be affected if it knows that the defendant has through the payment of a premium obligated an insurance company to pay any damages caused by defendant. On the other hand, it may occasionally happen that a juryman is interested in an insurance company, which may thus be the real defendant in the case, although its name does not appear in the

case. Obviously, such a person would be disqualified as a juror. The New York court of appeals, as stated in *Holman* v. *Cole*, 242 Mich. 402, 407, pointed out one way in which it could be ascertained whether a venireman held stock in an insurance company. The question is too frequently asked so as to give the jury an impression that there was insurance. The question leads into difficulties and frequently reversible error. We, however, are only concerned with the question asked by defendant's own counsel. Plaintiff's counsel obviously can not complain of the question he asked on the *voir dire*. The plaintiff having injected the question of insurance into the case, the defendant had a right in good faith to show that he carried no insurance. When the question of insurance is not brought into the case for the purpose of influencing a jury thereby, there is no reversible error. *Sutzer* v. *Allen*, 236 Mich. 1. The question hangs upon good faith of counsel. *Oliver* v. *Ashworth*, 239 Mich. 53. Surely defendant's counsel acted in good faith in rebutting any inference that might have arisen through the *voir dire* examination.

(d) In the charge of the court to the jury, he made the following statements:

"The test here is not what a reasonably prudent man of mature years would have exercised, but what a reasonably prudent youth of the age of ten years might have done under like circumstances. In other words, in determining what care Teunis should have used it will be necessary for you to keep in mind his age, measuring him by that standard rather than by the standard of a full aged man or woman of mature years. * * * Now, upon the question of contributory negligence, this boy, being of the age of ten years, as I have defined it here at the time of the

accident in question—Teunis was then ten years of age as shown by the testimony; that he was possessed of the intelligence as shown by the evidence bearing upon that question, I further charge you that the law required him in the operation of his shooter [scooter] and in going upon the highway, to come out in the street with it in the way that he did, that he must make use of his faculties, his hearing, his eyesight when the injury occurred as any ordinarily prudent boy of the age of ten years and intelligence and experience as shown here by the testimony, and that if he failed to make such use of his senses, hearing, eyesight, and has a knowledge of affairs and things as shown by the testimony, if he failed to do so, he is guilty of contributory negligence so he cannot recover, or his estate."

We believe there is no error in this charge. Counsel for plaintiff claims that this is contrary to the spirit of Michigan decisions generally, and cites as authority *Zylstra* v. *Graham,* 244 Mich. 319. In the case just cited, the defendant drove his car at an admitted rate of 15 miles an hour, without sounding his horn. There was testimony that his speed was around 25 miles an hour, and there were automobiles parked on both sides of a street crowded with people who were attending a school pageant. The boy was only six years of age, and the court held, in view of the tender years of the boy, it could not be held that he was guilty of contributory negligence and the case should go to the jury. It was further held in *Thornton* v. *Ionia Free Fair Ass'n,* 229 Mich. 1, a child of seven years is not presumed to be incapable of contributory negligence due to assumed lack of experience, discretion, and capacity to recognize and understand danger; age alone not being the conclusive test, but that experience and capacity are also to be considered.

In the present case, the boy was ten years of age. While eternal vigilance and extreme care might properly be exercised by drivers of automobiles, particularly when driving past children who are playing in or near the street, nevertheless, this is not the duty imposed by law. If a person drives along a city street, and a boy ten years of age suddenly and unexpectedly rushes out so that he is hit by an automobile, the question is properly submitted to the jury as to whether he has the age, maturity, or capability and intelligence to know the character of the traffic in the streets and the danger from automobiles. We believe the judge's charge was correct.

(e)   Error is claimed on account of the statement made by the trial court in its charge, as follows:

"I further charge you, members of the jury, that as a matter of law, that if this injury and accident was due to the sudden and unanticipated and unforeseen act of this child, and the defendant did not know, or did not have reason to anticipate, that the decedent was going to run into the side of the automobile, the plaintiff in this event cannot recover."

Were this sentence taken by itself, without any reference to the entire charge, we might give the claim some consideration. The charge was unduly long. Notwithstanding the fact that 'it was necessary to charge the jury in regard to mortality tables, expectancy of life, the question of contributory negligence on the part of the ten-year old boy, etc., the charge could have been shortened very materially. If, however, the charge is taken as a whole, we do not find any error in the excerpt quoted, or in others of a similar nature, which plaintiff contends constitute error.

The theory of the plaintiff was that defendant Mary Lewis had run into the boy. The theory of the defendant was that the boy with his scooter suddenly and unexpectedly ran into the side of the car. The record leaves some doubt as to the exact manner in which the accident did happen. The condition of the car, with the handle of the door knocked off, a dent on the right rear fender, and with a mark on the side of the car near the handle, and the absence of any marks on the front of the car except the disputed scratch on the bumper, would all tend to support defendant's theory. Plaintiff did not, by a fair preponderance of the testimony, show any liability on the part of the defendant. The jury so held, and, from the record, we believe the verdict was fully justified. The judge in his charge stated the claims of the respective parties and distinctly at the start said:

"I am stating this not as facts but as claimed facts, and it is for the jury to determine upon the merits of the claims presented by the parties."

He presented all of plaintiff's claims, including the claim that defendant Mary Lewis ran into plaintiff's intestate with her car. The other assignments of error are either so similar to the ones hereinbefore discussed, or are so trivial, unimportant, and unprejudicial, that it is unnecessary to give them further attention.

The judgment in favor of the defendants is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.