VICK, Appellant, v. MOE, Respondent

(49 N. W.2d 463)

(File No. 9229. Opinion filed October 16, 1951)

**Arthur H. Hasche,** Watertown, **Bicknell & Holland,** Webster, for Appellant.

**Dunham & Hazen,** Clark, for Respondent.

RUDOLPH, P. J.   Plaintiff seeks to recover damages for injuries sustained due to being struck by a truck operated by defendant, as defendant was backing the truck in plaintiff's farmyard.   The jury returned a verdict for defendant and plaintiff has appealed.

Three principal questions are presented.   First, should a new trial be granted because counsel for defendant asked defendant concerning liability insurance?   Second, does the evidence establish that defendant was negligent as a matter of law?   Third, was it error to submit to the jury the question of the contributory negligence of the plaintiff?

There are certain undisputed facts which appear of record. Defendant is a farmer and also operates a truck under a Class B permit on a commercial basis. Plaintiff is a farmer living in the same vicinity as defendant, and the two have been acquainted since boyhood. In September 1947 plaintiff employed defendant to transport a bull from plaintiff's farm to Watertown. On the morning of September 12, 1947, defendant drove his truck into plaintiff's farmyard. He drove to the door of plaintiff's house which faces the south. The road into the farmyard leads from a south highway. Defendant drove into the farmyard and north about thirty or thirty-five rods, then he turned west and drove to a few feet from the door of plaintiff's house where he stopped his truck. From the point at which defendant turned west there is an uphill grade to the house. To the southeast of the house about 125 feet there is a granary, which is 10 or 15 feet south of the route taken by defendant as he drove west toward the house. Directly north of the granary and 45 or 50 feet north of the route taken by defendant as he approached the house there is quite a large tree. This route taken by defendant was generally used by vehicles as they approached the house. Plaintiff's car was parked east of this granary. After stopping the truck defendant went into the house and visited for a few minutes with plaintiff and one Gullickson. The bull was at a neighbor's place and it was agreed that plaintiff and Gullickson would take plaintiff's car, go to the place where the bull was located and that defendant would follow in the truck. The three men left the house. Gullickson and plaintiff started toward plaintiff's car, but after going part of the distance from the house to the car Gullickson left plaintiff and went to get the keys from his car. Plaintiff's left eye had been injured and the vision in this eye was impaired. Defendant entered his truck and without starting the motor or sounding the horn let the truck roll down the grade to a point just east of the tree where he turned the rear of the truck to the north intending to leave the farmyard on the road to the south. When he stopped the truck he noticed plaintiff on the ground directly in front of the truck. The truck at this time was 15 or 20 feet east of the tree. Plaintiff was severely

injured. There are details and disputed facts in the testimony which will be referred to and discussed under the issues to which they pertain.

█ We·discuss first the question relating to insurance. At the close of defendant's direct examination his counsel inquired and defendant answered as follows:

"Q. By the way, Ted, you don't have any liability insurance, do you? A. I thought I did.

"By Mr. Bicknell: Objected to as not material, improper for any purpose, an obvious attempt to try to influence the jury, and not the fact.

"By the Court: Yes that is wholly immaterial and the jury will not consider any such question at all and he will not be allowed to answer."

We disregard the fact that the answer appears in the record before the objection. The record discloses that on the voir dire examination of the jury counsel for plaintiff inquired of the jury as follows: "I will ask you if any of you are employees or stockholders of or agents in any liability insurance company."

One juror who answered in the affirmative was challenged for cause and dismissed. It further appears from the record that an insurance company with which defendant had a policy had denied liability and had refused to defend this action against defendant which facts were known to plaintiff's counsel. It thus appears that plaintiff injected insurance into the case, and the effect of this fact getting before the jury is too well known to require discussion. The plaintiff having injected insurance into the case the defendant should be privileged to show the actual facts. The answer of defendant was made in good faith, in an attempt to disclose the actual situation. We find no error on this issue. For a good discussion of this issue see Stehouwer v. Lewis, 249 Mich. 76, 227 N.W. 759, 74 A.L.R. 844.

Appellant contends that the evidence establishes as a matter of law that defendant was negligent. We are unable to concur in this contention. Defendant testified that his truck was facing west as it stood in front of the house. That before getting into the truck he observed plaintiff going in

a southeasterly direction toward his car which was parked east of the granary. That plaintiff then was quite far away from the truck and out of the "path where I was going to back." He further testified that "I didn't start to back before I was sure that he was away", and, "I gave him plenty of time to get to his car." After defendant entered the cab of the truck he looked in the rear view mirror but did not see plaintiff or any obstacle to hinder his backward movement. Defendant testified that he backed the truck directly east, and that defendant's line of travel was to the southeast "out of my lane when I started to back." When defendant stopped and observed plaintiff on the ground just in front of the truck he was 15 to 20 feet east of the tree. The testimony discloses that the tree is from 45 to 50 feet north of the roadway leading to the house. The granary, to the east of which plaintiff's car was located, is from 10 to 15 feet south of this roadway. It would appear, therefore, that plaintiff as he was found there on the ground was north of th granary, the roadway and his car. Just why he was that far north is not explained, but it is a reasonable inference, in view of the defendant's testimony, that plaintiff changed his course after being last seen by defendant and of which fact defendant was unaware.

█ We are of the opinion that these facts justified the submission of the question of defendant's negligence to the jury. The issue before us is whether reasonable men might differ on the question of whether defendant acted as an ordinarily careful and prudent person under all the circumstances. The jury could reasonably find that defendant was justified in believing that plaintiff would not deviate from the course toward his car; that he observed plaintiff out of his lane of travel on his way to the car, and had no reason to believe other than that he would continue on such course; that he looked in the rear view mirror and did not see anything to hinder his backward movement, and then gave his attention to the tree which he wished to avoid striking. Whether under these circumstances defendant should have sounded the horn or given some other warning of his movement, we believe was a question for the jury. Each case is dependent upon the circumstances involved.

■ From the photographs introduced in evidence by the defendant, which are not good (plaintiff presented no pictures) and from the oral testimony it is difficult to get a clear idea or mental picture of the topography of the ground, the relative position of the buildings and generally the condition surrounding the place of the accident, all of which would be important in determining the issue presented. At the request of the plaintiff the jury viewed the premises and as stated in the case of Lunden v. Brookings & Sioux Falls Railway Co., 31 S. D. 357, 141 N.W. 93, 95, "This court must presume that such inspection was of some value in assisting the jury to determine the issues of fact; * * *."

■ On the question of contributory negligence of the plaintiff it seems to us that reasonble men might easily differ on the question of whether plaintiff knowing that the truck would leave the premises by the route between the granary and the tree should not have been more solicitous of his own safety. Plaintiff testified that he never looked back after starting toward his car. It might be that plaintiff was not expecting the truck to make a backward movement, and this in spite of the fact that defendant testified, "I always backed out before even if I did drive up to the old house", however plaintiff knew that the truck would take this general route and we do not believe it would be unreasonable to conclude that he should have observed the movements of the truck in the interests of his own safety. There are other factors which the jury could consider, for instance, the defendant testified that a heifer in the truck was making a disturbance which together with the noise of the truck might reasonably lead to the belief that had plaintiff been attentive he would have heard and having heard would have taken some action to avoid the accident.

We are of the view that the facts presented by this record and the reasonable inferences to be drawn from those facts make the issues presented for decision peculiarly within the province of the jury.

■ Appellant objected to the court instructing the jury in substance that the mere fact of injury raises no presumption of negligence. Appellent concedes that the instruction states the general law, but contends that it has no ap-

plication to the present facts because, it is contended, this accident was such that the occurrence in itself should raise the inference of negligence under the doctrine of res ipsa loquitur. We cannot concur in this contention. The facts upon which appellant predicates the negligence of the defendant were known and fully developed at the trial. The doctrine of res ipsa loquitur is founded on the absence of specific proof or ommissions constituting negligence which is not the situation here. Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97; 38 Am.Jur., Negligence, Sec. 303.

The judgment appealed from is affirmed.

All the Judges concur.